DAVID H. DECKER *vs.* THE BLACK & DECKER MANUFACTURING
COMPANY & another;[1] LENOX MACHINE COMPANY, INC.,
third-party defendant.

Berkshire.   January 5, 1983. — April 29, 1983.

Present: WILKINS, LIACOS, NOLAN, & LYNCH, JJ.

*Indemnity. Workmen's Compensation Act,* Action against third person.
*Due Process of Law,* Alteration of common law rights. *Constitutional
Law,* Alteration of common law rights.

An employer who had paid workmen's compensation benefits to an em-
ployee injured while operating a radial arm saw was not obligated to
indemnify the manufacturer or the seller of the saw for any damages
which the employee might recover from them, where there was no ex-
press or implied agreement to indemnify and where any liability of the
manufacturer or seller to the employee would not be vicarious or
derivative. [37-42]

The exclusivity provisions of G. L. c. 152, §§ 23 and 24, insofar as they
abrogate a third-party's right to indemnification from an employer in-
sured under the Workmen's Compensation Act, do not violate the due
process guarantees of either the Federal or the Massachusetts Constitu-
tion or the right secured by art. 11 of the Massachusetts Declaration of
Rights. [42-46]

CIVIL ACTION commenced in the Superior Court on
August 16, 1976.

A motion by the third-party defendant for summary
judgment was heard by *Urbano,* J.

The Supreme Judicial Court granted a request for direct
appellate review.

*David O. Burbank* for The Black and Decker Manufac-
turing Company & another.

*Philip J. Callan, Jr.,* for Lenox Machine Company, Inc.

---

[1] Pittsfield Supply Company, Inc.

NOLAN, J. The defendants, The Black and Decker Manufacturing Company (Black & Decker) and Pittsfield Supply Company, Inc. (Pittsfield), appeal from summary judgment against them on their third-party complaints for indemnity against Lenox Machine Company, Inc. (Lenox). We affirm.

The plaintiff was injured in the course of his employment for Lenox when a radial arm saw that he was operating "kicked back" a piece of formica that he was cutting and caused his hand to be pulled into the revolving blade. The saw was manufactured by Black & Decker and sold to Lenox by Pittsfield. When Lenox purchased the saw, it was equipped with an "anti-kickback" device designed to prevent material which was being fed through the saw from moving in a direction opposite to its intended path. An employee of Lenox had removed the device prior to the plaintiff's injury, even though the officers of Lenox were aware that the device was an important safety device. Lenox's employees were instructed with respect to the use of the machine, but they were not informed that a safety device had been removed, nor allowed to use the machine with the safety device.

The plaintiff received double compensation pursuant to the workmen's compensation statute, G. L. c. 152, § 28, upon a finding by the Industrial Accident Board of "serious and wilful misconduct of [the] employer." G. L. c. 152, § 28, as appearing in St. 1943, c. 529, § 9. The plaintiff did not reserve his common law rights against his employer. G. L. c. 152, § 24.

The plaintiff commenced an action against Black & Decker alleging negligent manufacture, negligent failure to warn, and negligent failure to correct defects in the saw. Subsequently, the plaintiff joined Pittsfield as a party defendant, alleging negligent failure to inspect, negligent failure to warn, and breach of express and implied warranties. See G. L. c. 106, §§ 2-313, 2-314. Black & Decker and Pittsfield filed a third-party complaint against Lenox, alleging that the plaintiff's injuries were caused by the

negligence of Lenox and that Lenox violated an implied duty to use the saw in a safe manner. The third-party plaintiffs further alleged that Lenox impliedly agreed to indemnify them for any losses they incurred as a result of the plaintiff's injuries.

Lenox moved to dismiss the third-party complaint for failure to state a claim upon which relief can be granted, Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974), or, in the alternative, for summary judgment, Mass. R. Civ. P. 56, 365 Mass. 824 (1974). On reviewing the pleadings and affidavits, a judge of the Superior Court allowed the motion and entered summary judgment for Lenox dismissing the third-party complaint. The judge reasoned that there was no showing of an express or an implied contractual obligation on the part of Lenox to indemnify Black & Decker and Pittsfield. The third-party plaintiffs appealed to the Appeals Court and applied for direct appellate review. We granted their application, and we affirm.

I. *Right to Indemnity.*

In *Liberty Mut. Ins. Co.* v. *Westerlind,* 374 Mass. 524 (1978), we indicated that any right of a third-party tortfeasor to recover indemnity from an employer who has paid workmen's compensation benefits to an injured employee, must stem, if at all, from an express or implied contract of indemnity or from an obligation implied from the relationship of the parties. *Id.* at 526-527. The facts of *Westerlind* did not present an occasion to reach the issue whether such a right of indemnity existed. *Id.* at 527. Therefore, leaving the ultimate question open, we held that the third-party tortfeasor had no right to recover from the employer in that case. *Id.*

In *New Bedford Gas & Edison Light Co.* v. *Maritime Terminal, Inc.,* 380 Mass. 734 (1980), we held again that, as there was insufficient evidence of an express or implied contract of indemnity, there was no need to reach the question whether a right of indemnity existed. *Id.* at 735. Additionally, we held that there was nothing in the relationship of the parties to imply an obligation to indemnify. *Id.* at

736. We noted that "[s]uch a radical departure from the reasonable expectation of the parties, considering their relationship, is unwarranted in the absence of a clear expression in the contract." *Id.*

In *Whittle* v. *Pagani Bros. Constr. Co.*, 383 Mass. 796 (1981), we followed the majority rule allowing indemnity against an employer on the basis of an express contract to indemnify. *Id.* at 799-800. We held that the contract between the employer-subcontractor and the third-party general contractor was sufficient to impose an obligation on the employer to indemnify the general contractor. *Id.* at 799.

Turning to the case before us, and assuming without deciding that we would recognize a right to indemnification based on an implied contract to indemnify, we find no implied contract here. The only contract between Black & Decker and Pittsfield, on the one hand, and Lenox, on the other, is an agreement for sale of the radial arm saw. The majority rule is that a sales agreement alone is not a sufficient basis on which to imply a contractual obligation on the part of a buyer to indemnify a seller for damages paid to an injured employee of the buyer. *Steinmetz* v. *Bradbury Co.*, 618 F.2d 21, 24-25 (8th Cir. 1980). *In re General Dynamics Asbestos Cases*, 539 F. Supp. 1106, 1109-1110 (D. Conn. 1982). *Bullock* v. *Black & Decker, Inc.*, 502 F. Supp. 580, 581-583 (E.D. Mich. 1980). *Therrien* v. *Safeguard Mfg. Co.*, 180 Conn., 91, 95-96 (1980). *Cordier* v. *Stetson-Ross, Inc.*, 184 Mont. 502, 511-513 (1979). *William H. Field Co.* v. *Nuroco Woodwork, Inc.*, 115 N.H. 632, 634 (1975). See *Araujo* v. *Woods Hole, Martha's Vineyard, Nantucket S.S. Auth.*, 693 F.2d 1, 2-3 (1st Cir. 1982); *Cutter* v. *Massey-Ferguson, Inc.*, 114 Mich. App. 28, 36 (1982).

In *Araujo*, the United States Court of Appeals for the First Circuit recently stated that a contractual right to indemnity will be implied only when "there are unique special factors" demonstrating that the parties intended that the putative indemnitor bear the ultimate liability. *Araujo* v. *Woods Hole, Martha's Vineyard, Nantucket S.S. Auth.*,

*supra* at 2, citing *Roy* v. *Star Chopper Co.*, 442 F. Supp. 1010, 1019 (D.R.I. 1977), aff'd, 584 F.2d 1124 (1st Cir. 1978), cert. denied, 440 U.S. 916 (1979). In the view of the Montana Supreme Court, to hold that a purchaser impliedly agrees to use a product in such a manner as to prevent the manufacturer from being exposed to liability "would be stretching the concept of contract out of all relation to reality." *Cordier* v. *Stetson-Ross, Inc., supra* at 512, quoting 2A A. Larson, Workmen's Compensation § 76.84, at 14-746 (1982). "No duty flows upstream from the purchaser to the manufacturer. Misuse of the product may be a good defense for the manufacturer, but it does not furnish a basis for indemnity." *William H. Field Co.* v. *Nuroco Woodwork, Inc., supra*. See *In re General Dynamics Asbestos Cases, supra* at 1110; *Olch* v. *Pacific Press & Shear Co.*, 19 Wash. App. 89, 94-95 (1978). See generally 2A A. Larson, *supra* at § 76.84. We find these authorities persuasive. We hold, therefore, that a sales agreement, without more, is not a sufficient basis on which to imply a contractual obligation on the part of a buyer to indemnify a manufacturer or seller.[2] Nor do we find any "unique special factors" demonstrating that the parties intended that Lenox bear the ultimate liability. See *Araujo* v. *Woods Hole, Martha's Vineyard, Nantucket S.S. Auth., supra*.

Likewise, there is no evidence that the relationship between Lenox and the third-party plaintiffs is a special relationship carrying with it an obligation to indemnify the third parties. *Liberty Mut. Ins. Co.* v. *Westerlind*, 374 Mass. 524, 527 (1978). Their relationship is not such a relationship. *White* v. *Johns-Manville Corp.*, 662 F.2d 243, 248 (4th Cir. 1981) (Virginia law). *SW (Del.), Inc.* v. *American Consumers Indus.*, 450 A.2d 887, 889-890 (Del. 1982). *Houdaille Indus., Inc.* v. *Edwards*, 374 So. 2d 490, 494 (Fla. 1979). *Outboard Marine Corp.* v. *Schupbach*, 93 Nev. 158, 165 (1977). *Arcell* v. *Ashland Chem. Co.*, 152

---

[2] Whether we would recognize such an implied contractual obligation, we leave to another day.

N.J. Super. 471, 490 (1977). *Boldman* v. *Mt. Hood Chem. Corp.*, 288 Or. 121, 124-129 (1979). *Olch* v. *Pacific Press & Shear Co., supra* at 93-95. See Bua, Third Party Practice in Illinois: Express and Implied Indemnity, 25 De Paul L. Rev. 287, 313 (1976); Comment, The Effect of Workers' Compensation Laws on the Right of a Third Party Liable to an Injured Employee to Recover Contribution or Indemnity from the Employer, 9 Seton Hall L. Rev. 238, 246-263 (1978). Nor does such a special relationship arise by virtue of the nature of the third-party plaintiffs' liability to the injured employee. Black & Decker and Pittsfield argue that they are entitled to indemnification because they did not join in the act of negligence which caused the plaintiff's injury. We reject this argument.

We begin with the proposition that indemnity is permitted only when the would-be indemnitee does not join in the negligent act. *Afienko* v. *Harvard Club*, 365 Mass. 320, 336 (1974), citing *Stewart* v. *Roy Bros.*, 358 Mass. 446, 459 (1970). The general rule in Massachusetts is that, "[i]f a party is obliged to defend against the act of another, against whom he has a remedy over, and defends solely and exclusively the act of such other party, and is compelled to defend no misfeasance of his own . . . [and is found liable, such other party] is liable not only for the amount of damages recovered, but for all reasonable and necessary expenses incurred in such defence." *Westfield* v. *Mayo*, 122 Mass. 100, 109 (1877). This right to indemnity is limited to those cases in which the would-be indemnitee is held derivatively or vicariously liable for the wrongful act of another. *Stewart* v. *Roy Bros., supra.* See *Hollywood Barbecue Co.* v. *Morse*, 314 Mass. 368, 370 (1943) (where one party is liable by inference of law and did not join in negligent act, that party may recover indemnity from party who was negligent); *Gray* v. *Boston Gas Light Co.*, 114 Mass. 149, 154 (1873) (a party who was liable to plaintiff "by inference of law," and not by reason of personal fault, may recover indemnification from party whose wrongful act thus exposed him to liability); *Lowell* v. *Boston & Lowell R.R. Corp.*, 23 Pick. 24,

34 (1839) (a party whose negligence "was rather construc-
tive than actual" may recover indemnification from one
whose wrongdoing thus exposed that party to liability);
*Garbincius* v. *Boston Edison Co.*, 621 F.2d 1171, 1175-1176
(1st Cir. 1980). See also J.R. Nolan, Tort Law § 303 (1979).

Such is not the case here. If either Black & Decker or
Pittsfield is liable to the plaintiff, it will be as a result of its
negligence or breach of warranty. Such liability will not be
derivative or vicarious in nature, nor will it be constructive
rather than actual. Accordingly, the third-party plaintiffs
are not entitled to indemnification from Lenox.[3] If, as the
third-party plaintiffs contend, the plaintiff's injuries were
not caused by their negligence or breach of warranty, this
will constitute an absolute defense to the main action. Such
a defense, however, does not provide the basis for an indem-
nity claim. *Sherman Concrete Pipe Mach., Inc.* v.
*Gadsden Concrete & Metal Pipe Co.*, 335 So. 2d 125, 127
(Ala. 1976). *Robinson* v. *International Harvester Co.*, 44
Ill. App. 3d 439, 444-446 (1976), rev'd on other grounds, 70
Ill. 2d 47 (1977). *William H. Field Co.* v. *Nuroco Wood-
work, Inc.*, 115 N.H. 632, 634 (1975).

As in *Liberty Mut. Ins. Co.* v. *Westerlind*, 374 Mass. 524,
527 (1978), we base our decision on the statutory scheme
embodied in G. L. c. 152. We are aware of the strong
criticism of the rule that a third party may recover indemni-
fication from an insured employer only in limited circum-
stances.[4] We recognize the policy arguments on both sides

---

[3] That the employer's conduct was wanton or wilful does not alter this
result. *Arcell* v. *Ashland Chem. Co.*, 152 N.J. Super. 471, 495-496
(1977).

[4] See Locke, Workmen's Compensation Law, 1978 Ann. Survey Mass.
Law 82, 99-104; Carpenter, Products Liability — An Analysis of the Law
Concerning Design and Warning Defects in Workplace Products, 33
S.C.L. Rev. 273, 280-292 (1981); Weisgall, Product Liability in the
Workplace: The Effect of Workers' Compensation on the Rights and
Liabilities of Third Parties, 1977 Wis. L. Rev. 1035, 1049-1050; Mitchell,
Products Liability, Workmen's Compensation and the Industrial Acci-
dent, 14 Duq. L. Rev. 349, 370 (1976).

of this "most evenly-balanced controversy."[5]  However, we reiterate our conviction that "[s]uch conflicting policy considerations are best resolved in the Legislature where the resolution can be based on full consideration of the competing interests and the ramifications involved with any change of the legislative scheme of G. L. c. 152." *Liberty Mut. Ins. Co.* v. *Westerlind, supra.*[6]

II. *Constitutionality of the Legislative Abrogation of the Common Law Right to Indemnity.*

Black and Decker and Pittsfield argue that, in so far as G. L. c. 152, §§ 23 & 24, set forth below,[7] abrogate the common law right of indemnity, they are unconstitutional.[8] Specifically, they argue that the exclusivity provisions of G. L. c. 152, §§ 23 & 24, bear no rational relation to the legislative purpose of the workmen's compensation statute. Arts. 1, 10, 12 of the Massachusetts Declaration of Rights.

---

[5] 2A A. Larson, Workmen's Compensation § 76.11, at 14-561 (1982). See *id.* at §§ 76.90-76.93 *(policy arguments);* Locke, Workmen's Compensation Law, 1978 Ann. Survey Mass. Law 82, 103-104 (same); Comment, The Effect of Workers' Compensation Laws on the Right of a Third Party Liable to an Injured Employee to Recover Contribution or Indemnity from the Employer, 9 Seton Hall L. Rev. 238, 297-300 (1978) (same).

[6] See 3A L. Frumer & M. Friedman, Products Liability § 44.02A[4] (1982) (proposed solutions); Carpenter, *supra* at 293-308 (same); Weisgall, *supra* at 1058-1077 (same).

[7] General Laws c. 152, § 23, as amended by St. 1953, c. 314, § 6, provides: "If an employee files any claim for, or accepts payment of, compensation on account of personal injury under this chapter, or makes any agreement, or submits to a hearing before a member of the division under section eight, such action shall constitute a release to the insured or self-insurer of all claims or demands at law, if any, arising from the injury."

General Laws c. 152, § 24, as amended by St. 1955, c. 174, § 5, provides in pertinent part: "An employee shall be held to have waived his right of action at common law . . . to recover damages for personal injuries if he shall not have given his employer, at the time of his contract of hire, written notice that he claimed such right . . . ."

[8] We note that this issue was not raised below. Although we need not treat it, "because the question presented has application to other persons in the Commonwealth and the result we reach is not changed by our consideration of the point, we shall state our views on the issue." *Royal Indem. Co.* v. *Blakely,* 372 Mass. 86, 88 (1977).

U.S. Const. amend. XIV. Additionally, they argue that, as the statute abrogates a common law cause of action and does not provide a substitute remedy, the statute violates the due process clause of the Fourteenth Amendment to the United States Constitution, the due process provisions embodied in the Massachusetts Constitution, and art. 11 of the Declaration of Rights. We reject both arguments.

A. *Abrogation of the common law right.*

1. *Due process.* At the outset, we note that "[e]very rational presumption is indulged in favor of the validity of an act of the General Court. Enforcement of such legislative enactment will not be refused unless its conflict with some provision of the Constitution is established beyond reasonable doubt." *American Mfrs. Mut. Ins. Co.* v. *Commissioner of Ins.,* 374 Mass. 181, 190 (1978), quoting *Campbell* v. *Boston,* 290 Mass. 427, 429 (1935). "Unless the act of the Legislature cannot be supported upon any rational basis of fact that reasonably can be conceived to sustain it, the court has no power to strike it down as violative of the Constitution." *Sperry & Hutchinson Co.* v. *Director of the Div. on the Necessaries of Life,* 307 Mass. 408, 418 (1940). *Klein* v. *Catalano,* 386 Mass. 701, 707 (1982). It is not a matter for the courts to decide whether a particular statute is wise or is sound policy. *Commonwealth* v. *Lammi,* 386 Mass. 299, 300 (1982).

The test under the due process clause of the Federal Constitution is "whether the statute bears a reasonable relation to a permissible legislative objective." *Pinnick* v. *Cleary,* 360 Mass. 1, 14 (1971). Under the State Constitution the issue is whether the statute "bears a real and substantial relation to the public health, safety, morals, or some other phase of the general welfare." *Blue Hills Cemetery, Inc.* v. *Board of Registration in Embalming & Funeral Directing,* 379 Mass. 368, 373 (1979), quoting *Sperry & Hutchinson Co.* v. *Director of the Div. on the Necessaries of Life, supra.*

We have no doubt that G. L. c. 152, §§ 23 & 24, bear a reasonable and substantial relation to a permissible legislative objective — the general public welfare. See *Sperry &*

*Hutchinson Co., supra; Pinnick* v. *Cleary, supra* at 14. The purpose of these sections, which have always been a part of the workmen's compensation law, is to provide a benefit to the insured employer by releasing it from liability in return for imposing a statutory liability without regard to fault. See *West's Case,* 313 Mass. 146, 153-154 (1943). The statute is not irrational; it does not offend any concept of due process.

2. *Article 11.* Although art. 11 of the Declaration of Rights [9] guarantees "a certain remedy . . . for all injuries . . . which [one] may receive," this provision has never been construed to grant to any person "a vested interest in any rule of law entitling [such person] to insist that it shall remain unchanged for his benefit," *New York Cent. R.R.* v. *White,* 243 U.S. 188, 198 (1917). *Pinnick* v. *Cleary, supra* at 11-12. As we said in *Pinnick,* "[C]hanges in prior law are necessary in any ordered society, and to argue that art. 11 prohibits alterations of common law rights as such, especially in the face of the specific provision to the contrary in art. 6,[10] flies in the face of all reason and precedent." *Id.* at 12. To uphold the third-party plaintiffs' argument would be tantamount to placing "certain rules of the 'common law' . . . above all change except by constitutional amendment. Such a result would offend our notion of the checks and balances between the various branches of government, and of the flexibility required for the healthy growth of the law." *Freezer Storage, Inc.* v. *Armstrong Cork Co.,* 476

---

[9] Article 11 provides: "Every subject of the Commonwealth ought to find a certain remedy, by having recourse to the laws, for all injuries or wrongs which he may receive in his person, property, or character. He ought to obtain right and justice freely, and without being obliged to purchase it; compleatly, and without any denial; promptly, and without delay; conformably to the laws."

[10] Part II, c. 6, art. 6, of the Massachusetts Constitution provides: "All the laws which have heretofore been adopted, used and approved in the Province, Colony or State of Massachusetts Bay, and usually practiced on in the courts of law, shall still remain and be in full force, until altered or repealed by the Legislature; such parts only excepted as are repugnant to the rights and liberties contained in this Constitution."

Pa. 270, 281 (1978), quoted with approbation in *Klein* v. *Catalano*, 386 Mass. 701, 713 (1982).

The parties have not called our attention to any Massachusetts case (nor has our research revealed any) addressed to the question whether art. 11 is offended by the exclusive remedy provisions of the workmen's compensation law. However, our research has disclosed that five jurisdictions which have State constitutional provisions similar, or virtually identical, to our art. 11, have addressed this issue. Four of the five jurisdictions have held that legislative abrogation of the right to indemnity in the workmen's compensation context does not offend the constitutional principles embodied in their "art. 11." See *Stauffer Chem. Co.* v. *McIntyre Elec. Serv.*, 401 So. 2d 745 (Ala. 1981); *Linsin* v. *Citizens Elec. Co.*, 622 S.W.2d 277, 281 (Mo. App. 1981); *Grove Mfg. Co.* v. *Cardinal Constr. Co.*, 534 S.W.2d 153, 155-156 (Tex. Civ. App. 1976); *Mulder* v. *Acme-Cleveland Corp.*, 95 Wis. 2d 173, 190 (1980). Contra *Sunspan Eng'g & Constr. Co.* v. *Spring-Lock Scaffolding Co.*, 310 So. 2d 4, 6-8 (Fla. 1975). We agree with the majority rule. Therefore, we conclude that the legislative abrogation of the common law right of indemnity does not offend art. 11.

B. *Failure to provide alternative remedy.*

1. *Due process.* In *Klein* v. *Catalano*, 386 Mass. 701, 712 n.16 (1982), we held that the Legislature may abolish a common law cause of action without providing a substitute remedy if the abolition is rationally related to a permissible legislative objective. While we are aware of the criticism of the rule prohibiting the right to indemnity in circumstances such as in the instant case, and the myriad alternative remedies suggested by commentators,[11] we cannot say that the Legislature's failure to provide such an alternative remedy was irrational.

2. *Article 11.* As we noted above, art. 11 does not preclude the Legislature from abolishing a cause of action. *Pin-*

---

[11] See notes 4-6, *supra.*

*nick* v. *Cleary,* 360 Mass. 1, 11-12 (1971). Likewise, we do not read art. 11 as compelling the Legislature to provide a substitute remedy each time that it decides to abrogate a common law right. See *Klein* v. *Catalano, supra* at 711-713 & n.15, and cases cited.

*Conclusion.* The third-party plaintiffs, Black & Decker and Pittsfield, may not recover indemnity in the case before us. Additionally, the exclusivity provisions embodied in G. L. c. 152, §§ 23 & 24, are not unconstitutional.

*Judgment affirmed.*