MARIA P. SOARES & others *vs.* GOTHAM INK OF NEW ENGLAND, INC. No. 90-P-1022. February 13, 1992. *Constitutional Law*, Alteration of common law rights, Equal protection of laws. *Due Process of Law*, Alteration of common law rights. *Workers' Compensation Act*, Action by spouse or child.

On March 6, 1989, Jose Sobrinho, an employee of Gotham Ink of New England, Inc. (Gotham Ink.), suffered severe burns as a result of a chemical explosion. Sobrinho's wife and children, the plaintiffs, brought an action against Gotham Ink for the loss of consortium and parental guidance and affection that they had, respectively, sustained. On motion, a judge of the Superior Court granted the defendant, Gotham Ink, summary judgment on the ground that the plaintiffs' claims were barred by G. L. c. 152, § 24, as appearing in St. 1985, c. 572, § 35.[1] The plaintiffs have appealed, arguing that the 1985 amendment, which abolished the common law rights of spouses and children of an injured employee unless the employee preserved his own common law rights, is unconstitutional under both the United States Constitution and the Massachusetts Declaration of Rights.[2]

Notwithstanding frequent application of the 1985 amendment during the last six years,[3] the plaintiffs argue that the amendment is unconstitu-

---

[1] The pertinent part of G. L. c. 152, § 24, provides: "If an employee has not given notice to his employer that he preserves his right of action at common law as provided by this section, the employee's spouse, children, parents, and any other member of the employee's family or next of kin who is wholly or partly dependent upon the earnings of such employee at the time of the injury or death, shall also be held to have waived any right of action at common law against such employer for damage due to loss of consortium, parental guidance, companionship or the like, when such loss is a result of any injury to the employee that is compensable under this chapter." See also St. 1986, c. 662, § 18.

[2] The 1985 amendment is thought to have been enacted in response to the decision in *Ferriter* v. *Daniel O'Connell's Sons*, 381 Mass. 507, 525, 530 (1980). See *St. Germaine* v. *Pendergast*, 411 Mass. 615, 624-625 (1992). The plaintiffs do not dispute that the injured employee claimed his workers' compensation benefits.

[3] See *St. Germaine* v. *Pendergast*, 411 Mass. at 624, and cases there cited.

tional because: (1) the Legislature deprived two classes of claimants (i.e. spouses and children) of rights without providing due process of law as required by the Fourteenth Amendment to the United States Constitution and arts. 1, 10, and 11 of the Declaration of Rights of the Massachusetts Constitution; and (2) the Legislature, by failing to provide a substitute remedy for the rights eliminated, violated art. 11 of the Massachusetts Declaration of Rights. Neither contention found favor in *Klein v. Catalano*, 386 Mass. 701 (1982), and *Decker v. Black & Decker Mfg. Co.*, 389 Mass. 35, 42-46 (1983), in which similar issues were raised. The arguments are equally unavailing in this case and we affirm.

1. *Due process and equal protection claims.* The plaintiffs face a "heavy burden in seeking to overcome the statute's presumption of constitutionality. See *El Paso v. Simmons*, 379 U.S. 497, 508-509 (1965). 'Every rational presumption is indulged in favor of the validity of an act of the General Court. Enforcement of such legislative enactment will not be refused unless its conflict with some provision of the Constitution is established beyond reasonable doubt.' *Campbell v. Boston*, 290 Mass. 427, 429 (1985)." *American Mfrs. Mut. Ins. Co. v. Commissioner of Ins.*, 374 Mass. 181, 190 (1978). *Klein v. Catalano*, 386 Mass. at 707. *Decker v. Black & Decker Mfg. Co.*, 389 Mass. at 43.

What the plaintiffs appear to be urging is that the Legislature cannot constitutionally diminish or eliminate a right without substituting a compensating right. So, as we follow the plaintiffs' argument, the Legislature could exchange workers' compensation for an employee's common law rights but could not extinguish spousal and filial rights in exchange for workers' compensation because neither the spouse nor children receive workers' compensation; only the employee does. The immediately apparent flaw in this line of argument is the assumption that the spouse and children do not benefit from workers' compensation. Of course, they do. The benefits of certain and more prompt compensation without regard to fault will, in the run of situations, flow to the members of the employee's family unit.

More fundamentally, under the due process clause of the Fourteenth Amendment to the United States Constitution, a statute that regulates economic activity need bear only a "reasonable relation to a permissible legislative objective" to be constitutional. *Pinnick v. Cleary*, 360 Mass. 1, 14 (1971). *Blue Hills Cemetery, Inc. v. Board of Registration in Embalming & Funeral Directing*, 379 Mass. 368, 373 (1979). *Klein v. Catalano, supra* at 707-708. Under the analogous portions of the State Constitution,[4] a statute is valid if it "bears a real and substantial relation to the public health, safety, morals, or some other phase of the general welfare. *Sperry*

_____

[4]Articles 1, 10, and 12 of the Massachusetts Declaration of Rights provide protections analogous to those afforded by the due process clause of the Federal Constitution. See *Pinnick v. Cleary*, 360 Mass. at 14 n.8; *Klein v. Catalano*, 386 Mass. at 707 n.6.

& *Hutchinson Co.* v. *Director of the Div. of the Necessaries of Life,* 307 Mass. 408, 418 (1940)." *Blue Hills Cemetery, Inc.* v. *Board of Registration in Embalming & Funeral Directing,* 379 Mass. at 373. *Klein* v. *Catalano, supra* at 707-708. *Decker* v. *Black & Decker Mfg. Co., supra.*

For purposes of the plaintiffs' equal protection claims under both the Federal and State Constitutions, when a statute does not burden any fundamental rights or a suspect group, "it will be upheld so long as it is rationally related to the furtherance of a legitimate State interest." *English* v. *New England Med. Center, Inc.,* 405 Mass. 423, 428 (1989), cert. denied, 493 U.S. 1056 (1990). The plaintiffs' right to sue in tort is not a "fundamental interest." *Ibid.;* i.e., the Legislature may determine that there is a societal interest that certain wrongs not be compensable or be compensable only on a limited basis. A suspect class has been defined as one "saddled with such disabilities, or subjected to such a history of purposeful unequal treatment, or relegated to such a position of political powerlessness as to command extraordinary protection from the majoritarian political process." *San Antonio Indep. Sch. Dist.* v. *Rodriguez,* 411 U.S. 1, 28 (1973). Classifications that have been recognized under Federal and State law as suspect are alienage, race, and national ancestry. Massachusetts also recognizes classifications based on gender as suspect. See *Commonwealth* v. *King,* 374 Mass. 5, 20-21 (1977), and cases cited. The plaintiffs, who seek to sue based on their status as the spouse and children of the injured employee, do not fall within a suspect class. A rational basis can sustain the challenged amendment.

In *Decker,* the court considered the constitutionality of G. L. c. 152, §§ 23 & 24 (as amended by St. 1953, c. 314, § 6 and St. 1955, c. 174, § 5, respectively), insofar as they abrogated the common law right of indemnity. In determining that those sections were constitutional, the court stated: "We have no doubt that G. L. c. 152, §§ 23 & 24, bear a reasonable and substantial relation to a permissible legislative objective — the general public welfare [citations omitted]. The purpose of these sections, which have always been a part of the work[ers'] compensation law, is to provide a benefit to the insured employer by releasing it from liability in return for imposing a statutory liability without regard to fault." *Decker* v. *Black & Decker Mfg. Co.,* 389 Mass. at 43-44. This rationale is equally applicable here. The Legislature could conclude rationally that the abolition of spousal and children's common law rights was necessary to justify, economically and socially, the operation of a workers' compensation system that, as a fundamental premise, disregarded fault.

2. *Article 11 claims.* The plaintiffs argue that art. 11 of the Declaration of Rights, which provides, in part, that "[e]very subject of the Commonwealth ought to find a certain remedy . . . for all injuries . . . which [one] may receive," prohibits the Legislature from abolishing their common law rights without providing a substitute remedy. The point, a variant of what we have already considered, was put to rest in *Klein* v. *Catalano,*

386 Mass. at 712-713. "[T]he Legislature may enact a statute that abolishes a common law cause of action without providing a substitute remedy if the statute is rationally related to a permissible legislative objective." *Id.* at 712 n. 16. See also *Decker* v. *Black & Decker Mfg. Co.*, 389 Mass. at 45-46. Rules of the common law are not "above all change except by constitutional amendment." *Freezer Storage, Inc.* v. *Armstrong Cork Co.*, 476 Pa. 270, 281 (1978).

*Judgment affirmed.*

*Richard T. Tucker* for the plaintiffs.
*John P. Mulvey* for the defendant.