Fremont-Smith, J.
INTRODUCTION
Robert Kelly, Salvatore Russo and David Cacicio (“the plaintiffs”) are serving mandatory drug trafficking sentences pursuant to G.L.c. 94C, §32E. The plaintiffs filed a declaratory judgment action against the Massachusetts Commissioner of Correction and the Commonwealth (“the Commissioner”), claiming that G.L.c. 94C, §32H violates their equal protection and due process rights because the statute excludes them from participating in work release programs.[3] The plaintiffs argue that because inmates convicted of crimes such as armed robbery, rape and murder are permitted to participate in work release, inmates serving sentences for drug offenses should also be allowed to participate in this program.
The Commissioner has filed a motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(6) on the ground that the plaintiffs have failed to state a claim upon which relief can be granted. For the reasons stated below, the Commissioner’s motion is ALLOWED.
DISCUSSION '
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must accept as true the well pleaded factual allegations of the complaint, as well as any inference which can be drawn therefrom in the plaintiffs favor. Fairneny v. Savogran Co., 422 Mass. 469, 470 (1996); Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991), and cases cited. “[T]he complaint should not be dismissed for failure to state a claim unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Whitensville Plaza, Inc. v. Kotsea, 378 Mass. 85, 89 (1979); Charbonnier v. Amico, 367 Mass. 146, 152 (1975).
The Fourteenth Amendment gives the Legislature wide discretion in passing laws which affect certain groups of individuals differently than others. Opinion of the Justices, 408 Mass. 1215, 1224 (1990). “State legislatures are presumed to have acted with their constitutional power despite the fact that . . . their laws result in some inequality.” Id., quoting McGowen v. Maryland, 366 U.S. 420, 425-426 (1961). Statutoiy regulation resulting in dissimilar treatment is “permissible unless the classification [is] arbitrary or irrational.” Commonwealth v. B & W Transportation Inc., 388 Mass. 799, 804 (1983).
When a statutory classification is challenged as being a violation of the equal protection clause and it does not invoke a suspect class or a fundamental right, as in this case, the court must review the classification to determine whether it is rationally related to a legitimate State interest. Opinion of the Justices, supra, citing San Antonio Indep. School Dist. v. Rodriquez, 411 U.S. 1, 16-17 (1973), and Pinnick v. Cleary, 360 Mass. 1, 13-14 (1978). See Leigh v. Board of Registration in Nursing, 399 Mass. 558, 560 (1987) (holding that the requirement of G.L.c. 112, §80C, that midwives be board certified is rationally related to a legitimate state interest of promoting quality health care); Amado v. Supt. Massachusetts Correctional Inst. at Walpole, 366 Mass. 45, 50 (1974) (holding that a provision of G.L.c. 127, §129 which bars certain sex offenders from receiving “good time” is rationally related to a legitimate state interest of punishing certain crimes more severely than others); cf. Commonwealth v. Arment, 412 Mass. 55, (1992) (holding that an amendment to G.L.c. 123A violated the equal protection clause because not all prisoners convicted under the same statute were given the same treatment and the varying treatments served no legitimate state interest). The analysis under the due process clause is similar. See Decker v. Black & Decker Mfg. Co.; Lenox Machine Co., 389 Mass. 35, 43 (1983), citing Pinnick, supra, at 14.
Here, the Massachusetts Legislature has manifested its intent to punish those convicted of drug trafficking especially severely to deter future sales of drugs, by imposing mandatory sentences on those people convicted under G.L.c. 94C, §32E, and also by prohibiting those inmates, as opposed to those convicted of other offenses, from any amelioration of their sentence. While one may question the wisdom of treating drug offenders more severely than those convicted of violent crimes, it cannot be said, as a matter *370 of law, that the legislature’s classification in this regard is not rationally related to any legitimate state interest. In short, the plaintiffs’ complaint fails to state an equal protection or a due process claim because the challenged statute is rationally related to a legitimate state interest. See Leigh, supra at 560. Plaintiffs also assert that, since G.L.c. 127, §49 generally permits the Commissioner to transfer inmates to work release programs with certain exceptions which do not include drug violations, G.L.c. 127, §49, which was adopted before c. 94C, §32H, should be read to invalidate c. 94C, §32H. However, it is axiomatic that a later specific statute prevails over an earlier statute, of whose existence the legislature is presumed to have been aware. Lukes v. Bd. of Election Comm’r of Worcester, 423 Mass. 826, 829 (1996), quoting Torres v. Fidelity & Guar. Life Ins. Co., 34 Mass.App.Ct. 376, 378 (1993).
ORDER
It is therefore ORDERED that the defendants’ motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(6) be ALLOWED. Judgment shall enter for the defendants.

The statute creates mandatory minimum sentences, prohibits reduction or suspension of sentences, and prohibits parole, furlough, work release or any deduction for good conduct until the mandatory minimum sentence has been served.