Toomey, J.
On March 5, 1998, this case was before the court for hearing on the motion of third-party *697 defendant ChemDesign Corporation (“ChemDesign”) to dismiss the claim brought against it by defendant/third-party plaintiff American Linen Supply Co. (“American Linen”) in both of the captioned cases. ChemDesign argues that it is immune from liability in this matter by reason of the shielding effects of G.L.c. 152, the Massachusetts Workers Compensation Act (“the Act”). American Linen responds that its third-party claim against ChemDesign is valid because its implied right of indemnification, asserted in the third-party complaint, should prevail over any statutory immunity which ChemDesign might advance.
For the following reasons, the motion to dismiss the third-party claim is DENIED.
BACKGROUND
Plaintiffs James Tata (“Tata”) and Cole Lupien (“Lupien”) are former employees of ChemDesign, a chemical manufacturer located in Fitchburg, Massachusetts. On March 20, 1995, Tata and Lupien were working at ChemDesign’s Fitchburg plant when a chemical dryer, under repair by an independent contractor, exploded. Both Tata and Lupien suffered severe burns from the explosion.
ChemDesign paid workers compensation benefits to Tata and Lupien for their work-related injuries, including medical expenses and wage-replacement payments. To date, Tata has received payments of $253,206.60, and Lupien has received $143,304.82.
Tata and Lupien subsequently commenced an action against American Linen, a supplier of the uniforms they were wearing on the day of the fire, on the grounds that the uniforms were inappropriate for use at a chemical manufacturing facility.
American Linen then brought the instant third-party action against ChemDesign, asserting ChemDesign’s liability for any judgment Tata and Lupien might obtain against American Linen.
DISCUSSION
For dismissal under Mass.R.Civ.P. 12(b)(6), the court must find “beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” General Motors Acceptance Corp. v. Abington Casualty Ins. Co., 413 Mass. 583, 584 (1992). ChemDesign argues that, as the employer of the injured workers, it is immune, under the Act, from claims of indemnity by a third-party tortfeasor and that American Linen’s third-party complaint must be dismissed pursuant to the exclusivity provision of the Act. That provision recites that an employer’s payment of workers’ compensation to its employees constitutes a release to the employer “of all claims or demands at law, if any, arising from the injury.” Id., §23.
Exceptions to the exclusivity provision may be found, however, where there is an express or implied contract of indemnity between the third-party tortfeasor and an employer who has paid workmen’s compensation benefits to an injured employee. See Decker v. Black and Decker Mfg. Co., 389 Mass. 35, 38 (1983). At bar, the parties agree that there is no express contract of indemnity, but diverge on the question of whether or not an implied contract exists.
American Linen argues that an implied contract of indemnity was created by the existence of a flammability clause in the rental agreement[5] and by the fact that the order form submitted by ChemDesign did not specify flame-retardant materials. Those circumstances, American Linen continues, demonstrate a “reasonable expectation of the parties” that American Linen was not to be liable for injuries caused to wearers of the uniforms in areas in which ChemDesign’s workers were exposed to hazardous materials or possible ignition sources — in sum, an implied contract to indemnify. See New Bedford Gas and Edison Light Company v. Maritime Terminal, Inc., 380 Mass. 734, 736 (1980).
Where there is no express contract of indemnification, the Supreme Judicial Court has been reluctant to recognize exceptions to the exclusivity provision of the Act. For example, the Court observed, in Larkin v. Ralph O. Porter, Inc., 405 Mass. 179 (1989), that:
We are aware of the strong criticism of the rules that ... only in limited circumstances may a third party recover indemnification from an insured employer . . . Strong policy arguments exist on both sides of the issue ... Such conflicting policy considerations are best resolved in the Legislature.
Id. at 186, quoting Liberty Mutual Ins. Co. v. Westerlind, 374 Mass. 524, 526 (1978). The Court has observed that, in many instances, recognizing an implied right of indemnification for a third-party defendant would abrogate the exclusivity provisions of the Act. “A sales agreement, without more, is not a sufficient basis on which to imply a contractual obligation on the part of the buyer to indemnify a manufacturer or seller.” Decker, 389 Mass, at 39. Thus, where the relationship of the parties rests on the mere fact that a sales or rental agreement exists, and there is no explicit legislative direction to the contrary, an implied indemnity obligation ought not readily to be found by a court. See Decker, supra; Larkin, supra.
On the other hand, Mass.R.Civ.P. 12(b)(6) suggests that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim. See Brum v. Town of Dartmouth, 44 Mass.App.Ct. 318, 321 (1998). Employing those “generous and indulgent criteria” a court will permit a plaintiff to prevail over a motion to dismiss “unless it appears with certainty that he is entitled to no relief under any combination of facts that could be proved in support of his claim.” Id. at 322 (emphasis in the original).
*698 At bar, the question to be addressed throughout this litigation is whether the flammability clause and the specifications for the uniforms are part of a “mere rental agreement,” not amounting to a duty to indemnify, or whether they constitute sufficient additions to the agreement to create an implied indemnification. See Decker, supra. Application of the Brum litmus to the circumstances at bar compels the conclusion that American Linen has presented sufficient facts to support its third-party complaint at this unripened state of the proceedings. American Linen credibly suggests at least the possibility of implied indemnity arising from the flammability clause and ChemDesign’s specifications for its uniforms. See Fontes v. Harris Corp., 606 F.Supp. 655 (D.Mass. 1985) (motion to dismiss claim for implied indemnity premature prior to fuller development of record; motion therefore denied without prejudice to renewal upon completion of pretrial discovery); see also Shea v. Bay State Gas Co., 383 Mass. 218 (1981) (contract should be construed with reference to the situation of the parties when they made it and to the objects sought to be accomplished). At bar, American Linen has alleged enough, in the infancy of this litigation, to survive a motion to dismiss.
ORDER
For the foregoing reasons, the motion of third-party defendant to dismiss is DENIED.

 The clause provides: “The Customer acknowledges that any wearing apparel rented under this Agreement... is not designed or recommended for use in areas of flammability risk or where contact with hazardous materials or ignition sources is possible."

 London International Group, Inc., dba Marigold Industrial Brand or LRC-Surety Products; Julius Kraft Co., Inc., J.R. Lyman Co., and John Doe Defendants 1-5.

 American Uniform Company, Inc.