Summerville, J.
The central issue in this Rule 8C, Dist./Mun. Cts. RADA, appeal is whether a third-party plaintiffs claim for indemnity from a third-party defendant is extinguished by a settlement reached between a plaintiff and a third-party defendant.
The undisputed facts are as follows. In June of 1996, the plaintiff, Denella Clark, lived in an apartment within a complex known as Windsor Gardens in Norwood, Massachusetts. Windsor Gardens of Norwood Trust (Trust) is the owner of the complex and General Investment and Development Company (G.I.D.) is a real estate management company which manages the Windsor Gardens property. Peter McCarthy and McCarthy Brothers Construction Company, Inc. (hereinafter referred to collectively as McCarthy), were hired to relocate certain fire hydrants on the complex properly. It was necessary for McCarthy to interrupt the water supply to many of the apartments in the complex in order to perform the work on the hydrants. Sometime during the night of June 13,1996, the toilet on the second floor of the plaintiff’s abode overflowed soaking the floor and the ceiling below causing a portion of the ceiling to collapse. A sudden return of water was the cause of the toilet overflow.
On April 7,1997, the plaintiff filed an action against G.I.D. and the Trust, claiming that negligently performed construction work was the cause of the incident.
On February 19,1998, G.I.D. and the Trust impleaded McCarthy as third-party defendants under contribution and common-law indemnification theories alleging that the toilet overflow was the result of the hydrant relocation work performed by McCarthy. The plaintiff never asserted any claims against McCarthy but proceeded exclusively against G.I.D. and the Trust.
In October of 1998, McCarthy entered into a settlement agreement with the plaintiff, Denella Clark. Athough the plaintiff never made direct claims against McCarthy, she signed a written release of all claims with respect to McCarthy in consideration of $9,000. McCarthy sought a written stipulation of dismissal from all parties as a result of the settlement. The plaintiff signed the stipulation, however, G.I.D. and the Trust would not.
McCarthy then filed a motion for separate and final judgment pursuant to Rule *206 54(b) of the Massachusetts Rules of Civil Procedure. McCarthy argued that the settlement with the plaintiff discharged them from all contribution and indemnity claims of G.I.D. and the Trust.
On December 14,1998, both parties appeared before a judge in the Boston Municipal Court to argue the Rule 54(b) motion. McCarthy argued that the settlement reached with the plaintiff discharged them from both the contribution and indemnity claims of the third-party plaintiffs pursuant to the terms of G.Lc. 231B, §4.[3] After the hearing, a judgment of dismissal was entered in favor of the third-party defendant, McCarthy, and the third-party complaint of G.I.D. and the Trust was dismissed pursuant to Rules 54(b) and 56[4] of the Massachusetts Rules of Civil Procedure.
In allowing the motion for separate and final judgment, the judge dismissed both claims in the third-party complaint. G.I.D. and the Trust conceded that their claim for contribution was extinguished by McCarthy’s settlement with the plaintiff pursuant to G.L.c. 231B, §4. However, appellants assign error in the dismissal of their claim for indemnity, arguing that McCarthy’s settlement agreement with the plaintiff did not extinguish their claim for indemnity. We agree.
While G.I.D. and the Trust concede that their claim for contribution is precluded by the provisions of G.L.c. 231B, §4, another section of the same chapter provides the following:
This chapter shall not impair any right of indemnity under existing law. Where one tortfeasor is entitled to indemnity from another, the right of the indemnity obligee shall be for indemnity and not contribution, and the indemnity obligor shall not be entitled to contribution from the obli-gee for any portion of the indemnity obligation.
G.L.c. 231B, §l(e).
The third-party complaint filed by G.I.D. and the Trust stated that the plaintiff’s injuries, if any, “were caused by the negligence of Peter McCarthy and McCarthy Brothers Construction Co., Inc., and/or their agents, servants or employees” in the performance of “repairs or replacement of a fire hydrant.” G.I.D. and the Trust stated that their claim of indemnity was brought “pursuant to the common law of the Commonwealth of Massachusetts and contract-based indemnification.” Tort-based indemnification[5] is available “only when the would-be indemnitee does not join in the negligent act.” Decker v. Black and Decker Mfg. Co., 389 Mass. 35, 40 (1983), citing Afienko v. Harvard Club, 365 Mass. 320 (1974). See also Gray v. Boston Gas Light Co., 114 Mass. 149 (1873); Fireside Motors, Inc. v. Nissan Motor Corporation, U.S.A., 395 Mass. 366 (1985); J.R. NOLAN, TORT LAW, §438 (1989). *207 “The essence of the rule in most indemnity cases is that the one who seeks indemnity is free of fault.” Hennessy, Torts: Indemnity and Contribution, 47 Mass. L.Q. (1962), at 423. The general rule in Massachusetts is:
If a party is obliged to defend against the act of another, against whom he has a remedy over, and defends solely and exclusively the act of such other party, and is compelled to defend no misfeasance of his own, he may notify such party of the pendency of the suit and may call upon him to defend it; if he fails to defend, then, if Hable over, he is Hable not only for the amount of damages recovered, but for aU reasonable and necessary expenses incurred in such defense. And this rule, while consistent with legal principles, is sanctioned by the highest equitable considerations.
Westfield v. Mayo, 122 Mass. 100, 109 (1877).
Tort-based indemnity is also limited to circumstances where “the would-be indemnitee is held derivatively or vicariously liable for the wrongful act of another.” Decker v. Black and Decker Mfg. Co., 389 Mass. 35, 40 (1983), citing Stewart v. Roy Bros., 358 Mass. 446 (1970). Under the facts presented here, neither G.I.D. or the Trust joined in the negligent conduct causing the plaintiff’s injuries. The plaintiff claims that the flood was the result of a “sudden return of water pressure” which occurred on the night of June 13, 1996. It is undisputed that an agent of G.I.D. and the Trust hired McCarthy to relocate hydrants on the Windsor Gardens premises where the plaintiff lived and that the water supply to the building had been temporarily interrupted by McCarthy “during or about the period from June 12,1996 to June 13,1996.” McCarthy’s status is described as an independent contractor and there is nothing in the record to suggest that an agent or servant of G.I.D. or the Trust was in equal fault[6] with McCarthy or played any role in the work performed on the hydrants.
We agree with G.I.D. and the Trust that their right to pursue their indemnification claim in these circumstances was established by the Supreme Judicial Court in Hollywood Barbeque Co., Inc. v. Morse, 314 Mass. 368 (1943). In Hollywood Barbeque, the court determined that a common law right of indemnity exists where a landowner is held liable for the negligent acts of an independent contractor causing injury to a plaintiff while on the landowner’s premises. For all that appears in this record, the liability of G.I.D. and the Trust lies only in a derivative capacity as the landowner of the premises where the accident occurred. Whether or not G.I.D. and the Trust are entitled to indemnification from McCarthy remains a factual question to be determined. However, we agree that these circumstances are analogous to those in Hollywood Barbeque.
Accordingly, we reverse the entry of separate and final judgment with respect to the third-party plaintiff’s claim for indemnity. Entry of judgment under Mass. R. Civ. R, Rule 54(b) relating to contribution is affirmed. Summary judgment of dismissal under Mass. R. Civ. R, Rule 56 is reversed.
So ordered.

 G.L.c. 231B, §4 states in pertinent part: “[wjhen a release or covenant not to sue or not to enforce judgment is given in good faith to one Of two or more persons liable in tort for the same injury ... (b) [i]t shall discharge the tortfeasor to whom it is given from all liability in contribution to any other tortfeasor.”

 Although the notice of dismissal stated that judgment entered “pursuant to Rules 54(b) and 56” and that “summary judgment of dismissal” had been allowed, a motion for summary judgment was not before the court, nor had the procedural requirements of Mass. R. Civ. P, Rule 56(c) been followed. Therefore, we regard this appeal only in reference to the Rule 54(b) motion.

 Although the appellants use the term “common-law indemnification” to characterize their claim, we use the more specific “tort-based indemnification” to avoid confusion. Under Massachusetts law, the term “common-law indemnification” could suggest either tort-based indemnification or contractual indemnification, either express or implied. See Alexander, Developments in Indemnity Law: Express, Implied Contractual, Tort-based and Statutory, 79 Mass. L. Rev. 50 (1994). Although appellants argue they are entitled to indemnification “pursuant to the common law of the Commonwealth of Massachusetts and contract-based indemnification,” the case law they cite refers to tort-based indemnification.

 McCarthy argues that the appellants’ indemnification claims are defeated due to their own “wrongful conduct.” In support of this position, McCarthy states that the plaintiff has alleged violations of the Massachusetts State Sanitary Code on the part of G.I.D. and the Trust. These allegations apparently stem from the fact that the water overflowing from the toilet penetrated the plaintiff’s ceiling. This argument has no merit..