McCann, J.
The Defendant, American Linen Supply Co., Inc. (“American Linen”) commenced this third-party action against Third-Party Defendant ChemDesign Corp. (“ChemDesign”) seeking indemnification for any damages that American Linen is ordered to pay the Plaintiffs, James Tata (“Tata”) and Cole Lupien (“Lupien”) in their action based on workplace injuries they allegedly sustained while employed by ChemDesign. This matter is before the court on ChemDesign’s Motion for Summary Judgment. For the reasons set forth below, ChemDesign’s Motion for Summary Judgment is allowed.
Background
The undisputed facts viewed in the light most favorable to the non-moving party, as revealed by the summary judgment record, are as follows.
Tata and Lupien, both former employees of Chem-Design, a chemical manufacturer, sustained physical injuries as a result of the fire that broke out on March 20, 1995, at ChemDesign’s Fitchburg plant. At the time of the fire, Tata and Lupien were wearing the uniforms rented to ChemDesign by American Linen, a uniform and linen rental and laundry company. Subsequent to the fire, ChemDesign paid workers’ compensation benefits to Tata and Lupien pursuant to the Massachusetts Workers’ Compensation Act. G.L.c. 152, §1 et seq. As of February 2002, Tata had received $657,825 and Lupien had received $303,886 in workers’ compensation benefits. In April 1998, Tata and Lupien filed their amended complaint against American Linen and others alleging negligence, breach of warranties, and 'violations of G.L.c. 93A. Five months later, in September 1998, American Linen filed a third-party complaint against ChemDesign and American Uniform seeking indemnification for any damages it may have to pay Tata and Lupien. ChemDesign’s earlier motion to dismiss this third-party action was denied by Judge Toomey on March 16, 1999 [9 Mass. L. Rptr. 696).
Discussion
Summary judgment is granted where there are no genuine issues of material fact and where the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving parly to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The moving party may satisfy this burden either by submitting affirmative evidence negating an essential element of the opposing party’s case or by demonstrating that the opposing parly has no reasonable expectation of proving an essential element of its case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). The opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment. LaLonde v Eissner, 405 Mass. 207, 209 (1989).
Section 23 of chapter 152 of the General Laws of Massachusetts provides that “(i]f an employee accepts payment of compensation on account of personal injury under [the Massachusetts Workers’ Compensation Act], . . . such action shall constitute a release to the insurer of all claims or demands at common law, if any, arising from the injury.” Thus, once an employer has made workers’ compensation payments to an injured employee, that employer’s liability ceases. See G.L.c. 152, §23. This exclusivity provision “bars a third party sued by the employee from recovering against the negligent employee who has paid workers’ compensation.” Larkin v. Ralph O. Porter, Inc., 405 Mass. 179, 181 (1989).
In situations where G.L.c. 152, §23 is triggered, a right to indemnification still exists if the employer expressly contracted to indemnify the third party. See Fall River Hous. Auth v. H.V. Collins, 414 Mass. 10, 13 (1992); Larkin, 405 Mass. at 181; Decker v. Black & Decker Mfg. Co., 389 Mass. 35, 37 (1983); Liberty Mut. *541 Ins. Co. v. Westerlind, 374 Mass. 524, 526 (1978). The courts have only found indemnity agreements “when the terms of the contract contemplated such indemnification.” Larkin, 405 Mass. at 184 (emphasis added). The courts have noted that an implied right to indemnification may[3] exist when there is an implied contract of indemnily or “when there are ‘special factors’ surrounding the contractual relationship which indicate an intention by one party to indemnify another in a particular situation.” Fall River Hous. Auth., 414 Mass. at 14; see Araujo v. Woods Hole, Martha’s Vineyard, Nantucket S.S. Auth., 693 F.2d 1, 2 (1st Cir. 1982); Larkin, 405 Mass. at 181; Decker, 389 Mass. at 37; Liberty Mut. Ins. Co., 374 Mass. at 526. Consequently, as American Linen and ChemDesign have agreed[4] that they did not expressly contract for indemnification, American Linen may only recover indemnify from ChemDesign if ChemDesign impliedly contracted to indemnify American Linen or if the two parties “stand in a relationship that carries with it the obligation to indemnify [American Linen]." Liberty Mut. Ins. Co., 374 Mass. at 526; see Larkin, 405 Mass. at 181; Decker, 389 Mass. at 37.
1. Implied Contractual Obligation of Indemnification
A “sales agreement alone is not a sufficient basis on which to imply a contractual obligation on the part of a buyer to indemnify a seller for damages paid to an injured employee of the buyer.” Decker, 389 Mass. at 38; see Larkin, 405 Mass. at 183. The court in Decker held no implied indemnification arose out of the parties’ “agreement for [the] sale of [a] radial arm saw.” 389 Mass. at 38. Similarly, in this case, the only agreement between American Linen and ChemDesign is a one-page contract calling for the rental and laundering of work uniforms.
In its argument that an implied contractual obligation of indemnification exists, American Linen relies on paragraph 11 of the contract, the flammabilify provision.[5] American Linen claims that ChemDesign breached this agreement by allegedly allowing Tata and Lupien to perform fire watch wearing only the general purpose uniforms. “If courts are to infer an agreement on the part of employers to indemnify from the fact that the [employer] contracted to do some work ... the result will be that the employer is wholly deprived of the protection of limited liabilify which the Act[6] was intended to provide.” Larkin, 405 Mass. at 184, quoting Ryan Stevedoring Co. v. Pan-Atlantic S.S. Corp., 350 U.S. 124, 146-47 (1955) (Black, J., dissenting). Moreover, as the court in Fail Muer Hous. Auth. found, “this is not a case of contractual indemnify but rather a simple breach of contract.” 414 Mass. at 15. Accordingly, the flammabilify provision of the agreement is not sufficient to create an implied contractual obligation of indemnification.
2. Special Relationship
Alternatively, indemnification may be implied if the parties stand in a relationship that carries with it the obligation to indemnify the third party. Liberty Mut. Ins. Co., 374 Mass. at 526; see Fall River Hous. Auth., 414 Mass. at 14; Larkin, 405 Mass. at 181; Decker, 389 Mass. at 39. The court makes this determination by considering whether “special factors” surround the parties’ relationship. Fall River Hous. Auth., 414 Mass. at 14. Faced with facts that are analogous to those in this case, the court in Decker found that no such special relationship existed. See 389 Mass. at 39. After the plaintiff in Decker received workers’ compensation benefits from his employer for the injuries from the saw he was using at work, he sued the saw’s manufacturer. Id. at 36. The manufacturer sought indemnification from the plaintiffs employer through a third-party complaint. Id. at 36-37. The court dismissed this third-party complaint on the employer’s motion for summary judgment based partly on the fact that “there [wa]s no evidence that the relationship between [the manufacturer and the plaintiffs employer] [wa]s a special relationship carrying with it an obligation to indemnify the third parties.” Id. at 39.
By concluding that the parties’ relationship did not create an obligation of indemnification, the court implied that there were no “special factors.” See id. at 39. The relationship between American Linen and Chem-Design is similar to that of the parties in Decker as American Linen supplied the uniforms to the injured plaintiffs, ChemDesign’s employees. See id. at 36. No evidence indicates that there are any special factors in this case, either. Accordingly, the parties’ relationship does not create an implied obligation on the part of ChemDesign to indemnify American Linen.
ORDER
For the foregoing reasons, it is hereby ORDERED that Third-Party Defendant’s Motion for Summary Judgment is ALLOWED.

The courts have not yet reached the question of whether an implied right to indemnification exists in Massachusetts because no case has arisen where the evidence supports such a finding. See Larkin, 405 Mass. at 184.

In his March 16, 1999, Memorandum and Order, Judge Toomey noted the parties’ agreement.

This provision states, “[t]he Customer [ChemDesign] acknowledges that any wearing apparel rented under this Agreement is for general purposes and is not designed or recommended for use in areas of flammabilify risk or where contact with hazardous materials or ignition sources is possible.”

Although the Act to which the Court in Ryan Stevedoring Co. referred was not the Massachusetts Workers’ Compensation Act, the court in Larkin used Justice Black’s reasoning with respect to its analysis regarding the Massachusetts Workers’ Compensation Act.