Curran, Dennis J., J.
The defendant, US Airways, Inc., has moved to dismiss count II of the co-defendant Orick D. Kelley’s cross claim. For the reasons that follow, this motion must be ALLOWED.
Factual Background
Barry Gardner and Orick D. Kelley were fellow passengers on a US Airways flight from Phoenix, Arizona to Boston, Massachusetts. As they left the flight at Logan Airport, Kelley allegedly committed an assault and battery on Gardner. This suit stems from that altercation.
Gardner sued Kelley who, in turn, counterclaimed for assault and battery and negligence. Kelley also has asserted a cross claim for negligence (count I) and indemnity/contribution/breach. of contract (count II) against US Airways. US Airways’ present motion seeks to dismiss count II of Kelley’s cross claim.
The Indemnity/Contribution/ Breach of Contract Claim
Kelley’s cross claim against US Airways, Inc. is based on his allegation that the airline breached a contract of carriage and its tariff rules and that such contract provided him with a right of indemnity and contribution. That contract, however, does not create a duty on the part of US Airways, Inc. to ensure his safety, nor does it provide indemnity or contribution terms. Instead, it simply delineates various ticketing, baggage and delayed flight obligations regarding the transportation of the passenger.
Kelley claims, without authority, that the carriage of contract and tariff rules require US Airways to “enforce the rules against those who engage in disorderly conduct” or otherwise “threaten crew members or other passengers or their safety,” but the contract of carriage provides no such obligation. Further, Kelley claims that he is entitled to indemnity and contribution from US Airways based on that same contract of carriage and tariff rules; however, again, the contract at issue is devoid of such obligations.
As to Kelley’s claim for indemnification and contribution, the contract of carriage provides neither an express right of indemnification nor contribution. Moreover, it does not provide an implied contractual right of indemnification because such right will be implied only when there are unique factors demonstrating a special relationship between the parties. Here, there is no such special relationship, nor could one plausibly be pled. And although Kelley has not pled common-law indemnity, there is no such common-law right of indemnification here because common-law indemnification is “limited to cases in which the would-be indemnitee is held derivatively or vicar *477 iously liable for the wrongful act of another.” Decker v. The Black & Decker Mfg. Co., 389 Mass. 39 (1983). Here, such indemnification applies only where one is free of fault and exposed by operation of law to liability as a substitute for the liability of another. In other words, a party cannot be indemnified for its own fault.
Finally, Kelley has not pled a count for contribution other than the alleged contribution obligation from the contract of carriage. Accordingly, there is no basis for a claim of contribution against US Airways as a matter of law.
ORDER
For these reasons, US Airways, Inc.’s motion to dismiss count II of Orick D. Kelley’s cross claim is hereby ALLOWED.