## New Bedford Gas and Edison Light Company *vs.* Maritime Terminal, Inc.

Norfolk. April 7, 1980. — May 30, 1980.

Present: Hennessey, C.J., Quirico, Braucher, Wilkins, & Abrams, JJ.

*Indemnity. Workmen's Compensation Act,* Action against third person. *Contract,* Construction, Indemnity.

In an action by an electric company against a corporate customer seeking indemnification against liability in a tort action brought against the company by an employee of the customer who was injured while dusting off an electrical switching box owned by the company and located on the customer's premises, the evidence did not warrant a finding that there was either an express or an implied agreement by the customer to indemnify the company against liability for injury to the customer's employee; no obligation of indemnity arose from the company's disclaimers of liability to the customer. [735-737]

Tort. Writ in the Superior Court dated December 10, 1973.

The action was heard by *Beaudreau, J.,* on a motion for summary judgment.

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*Thomas D. Burns (John A. Donovan, Jr.,* with him) for the plaintiff.

*Robert H. Quinn* for the defendant.

Wilkins, J. The plaintiff (Edison) seeks, by a third-party complaint, a determination that the defendant Maritime Terminal, Inc. (Maritime), must indemnify it against liability in a tort action brought against Edison by an employee of Maritime. The employee was injured while dusting off an electrical switching box owned by Edison and located on Maritime's premises.

Edison acknowledges that Maritime is released from all tort claims of the employee (G. L. c. 152, § 23), and that it may not look to Maritime for indemnity on any statutory or common law tort theory. *Liberty Mut. Ins. Co.* v. *Westerlind,* 374 Mass. 524, 526-527 (1978). Edison asserts an express or implied contractual obligation of Maritime to indemnify it.

A judge in the Superior Court allowed Maritime's motion for summary judgment. We transferred Edison's appeal here on our own motion. We affirm the judgment.

We have never decided whether we would follow the majority rule[1] and permit a third-party tortfeasor to obtain indemnity from an employer who had expressly or impliedly contracted to indemnify the third party against liability for injury to the employer's employee. In those cases in which the issue was raised, we did not reach the question because the evidence did not warrant a finding that there was such an agreement. See *Liberty Mut. Ins. Co.* v. *Westerlind, supra* at 526-527; *H.P. Hood & Sons* v. *Ford Motor Co.,* 370 Mass. 69, 77 (1976); *Stewart* v. *Roy Bros.,* 358 Mass. 446, 458 (1970). The same is true in this case.

The utility relies on certain terms and conditions, filed with the Department of Public Utilities, which, in various applications for service, Maritime acknowledged would govern the supply of service to it by Edison. There is no indication in the affidavits filed in support of and in opposition to the motion for summary judgment that the subject of an obligation on the part of Maritime to hold the utility harmless was ever adverted to in dealings between the parties. Because the document was prepared and filed by Edison and made applicable to all its contracts for service, any uncertainty in the meaning of the document's terms and conditions is to be construed against Edison. See *Merrimack Valley Nat'l Bank* v. *Baird,* 372 Mass. 721, 724 (1977); *Massachusetts Turnpike Auth.* v. *Perini Corp.,* 349

---

[1] 2A A. Larson, Workmen's Compensation §§ 76.00, 76.41 (1976 & Supp. 1979).

Mass. 448, 454 (1965); *Bowser* v. *Chalifour*, 334 Mass. 348, 352 (1956).

We have reviewed the provisions of the terms and conditions on which Edison relies and find none under which Maritime agreed to indemnify Edison for its tort liability to a Maritime employee injured as a result of Edison's negligence. An agreement by Maritime to safeguard Edison's property, to take precautions against unlawful interference with that property, and to pay for any damage caused by Maritime to that property has nothing to do with indemnification for personal injuries caused by Edison. A disclaimer by Edison of any liability "for damages caused by defects in piping, wiring, appliances, apparatus, appurtenances and premises" installed or supplied by Maritime does not make Maritime an indemnitor. Similarly, Edison's disclaimer of liability "for damages resulting in any way from the supplying or use of . . . electricity or from the presence or operation of [Edison's] service" and equipment on Maritime's premises may well properly limit Edison's liability to Maritime, but it says nothing about Maritime's liability to Edison. Likewise, no obligation of indemnity arises from Edison's disclaimer of liability and Maritime's assumption of "all risk of loss or damage to person or property resulting from or arising out of [any] . . . interruption, fault or failure" of the supply of electricity.

We decline to read disclaimers of liability to Maritime as creating an obligation on Maritime to indemnify Edison. Acceptance of Edison's construction would "produce a result unreasonable in the business context in which the parties acted." *Ucello* v. *Cosentino*, 354 Mass. 48, 52 (1968).

We find nothing in the relationship of the parties to warrant an implication of an obligation on Maritime to indemnify Edison against Edison's loss. See *Liberty Mut. Ins. Co.* v. *Westerlind, supra* at 528; 2A A. Larson, Workmen's Compensation §§ 76.42, 76.44 (1976 & Supp. 1979). Such a radical departure from the reasonable expectation of the parties, considering their relationship, is unwarranted in the absence of a clear expression in the contract. See *Clev-*

*enger* v. *Haling,* 379 Mass. 154, 157-159 (1979). Cf. *New England Tel. & Tel. Co.* v. *Central Vt. Pub. Serv. Corp.,* 391 F. Supp. 420, 427 (D. Vt. 1975), where the indemnification was expressly acknowledged in relation to the Workmen's Compensation Act.[2]

There was no material fact in dispute to bar the allowance of Maritime's motion for summary judgment. The judge did not abuse his discretion in declining to rehear the motion. The evidence on which Edison relied in seeking a rehearing, even if admissible, added nothing to what was already expressed in the terms and conditions on which Edison based its claim of indemnity.

*Judgment affirmed.*

---

[2] In other cases, where employers have been held liable on undertakings to indemnify third parties, despite the exclusive remedy provisions of applicable workmen's compensation laws, the language of indemnity has been similarly explicit, even if its effect in relation to workmen's compensation laws was not expressly mentioned. See, e.g., *Olsen* v. *Shell Oil Co.,* 595 F.2d 1099, 1105 (5th Cir.), cert. denied, 444 U.S. 979 (1979); *DeShaw* v. *Johnson,* 155 Mont. 355, 360-361 (1970); *Gordon H. Ball, Inc.* v. *Oregon Erecting Co.,* 273 Or. 179, 183-186 (1975).