McEvoy, J.
This case arises from a construction contract dispute between Con-Rel, Inc. (“plaintiff’ or “Con-Rel”) and the City of Attleboro (“defendant” or “City”). The contract work has been completed but the parties dispute how much money is owed to the City for liquidated damages stemming from delays in completion of the contract. Plaintiff filed a complaint to compel arbitration pursuant to c. 251, §2 and a motion to do the same. Defendant opposes the motion claiming that there is no contractual provision which requires it to submit to arbitration. After hearing counsel for the parties and based on the parties’ written submissions, plaintiffs motion to compel arbitration is ALLOWED.
BACKGROUND
Plaintiff and defendant entered into a contract whereby plaintiff was to perform construction work in the form of additions and renovations to the Attleboro Public Library. After the work was substantially completed, disputes arose between the parties regarding delays in the completion of the work. The City is now holding $ 123,206, of which $85,854 is disputed. There are issues regarding liquidated damages and money owed to subcontractors.
The parties attempted to resolve the dispute and referred it to the architect. On or about October 17, 1994, plaintiff filed a demand for arbitration with the American Arbitration Association (“AAA”) pursuant to the written contract between the parties. Clause 7.9 of the contract between the parties entitled “Arbitration” was deleted. However, clause 2.2.12 of the contract entitled “Architect” contains a provision permitting either party to demand arbitration.
Both parties participated in the process of selecting an arbitrator and the arbitration was to occur on December 20 and 21, 1994. Position papers from the parties were due on December 12, 1994. On December 6, 1994, plaintiff deposed the project architect and defendant attended that deposition. On or about December 9, 1994, defendant, in a written letter sent to both AAA and counsel for plaintiff, objected to the arbitration asserting that there was no written agreement between the parties to submit the controversy to arbitration. Plaintiffs counsel received the letter on or about December 12, 1994, the day position papers were due. Plaintiff then filed this action.
DISCUSSION
A. Massachusetts Arbitration Act — c. 251
Chapter 251 §§1-19 govern arbitration issues in Massachusetts. Section one states that “written agreements to submit any existing controversy to arbitration . . . shall be valid, enforceable and irrevocable.” Section two permits a party
aggrieved by the failure or refusal of another to proceed to arbitration under an agreement described in section one may apply to the superior court for an order directing the parties to proceed to arbitration.
Section three permits the court to appoint an arbitrator when one has not been designated by the parties. Plaintiff filed a complaint requesting that the court order the City to submit to arbitration. Plaintiff also filed a motion to compel arbitration pursuant to Superior Court Rule 9A and defendant filed an opposition.
B. The Contract
Clause 2.2.12 states:
any claim, dispute, or other matter in question between the Contractor and the Owner referred to the Architect . . . shall be subject to arbitration upon the written demand of either party. However, no demand may be made until the earlier of (1) the date on which the Architect has rendered a written decision, or (2) the tenth day after the parties have presented their evidence to the Architect or have been given reasonable opportunity to do so, if the Architect has not rendered his written decision by that date. When such written decision of the Architect states (1) that the decision is final but subject to appeal, and (2) that any demand for arbitration of a claim, dispute, or other matter covered by such decision must be made within thirty days after the date on which the party making the demand received the written decision, failure to demand arbitration within said thirty days’ period will result in the Architect’s decision becoming final and binding upon the Owner and the Contractor. If the Architect renders a decision after arbitration proceedings have been initiated, such decision may by entered as evidence but will not supersede any arbitration proceedings unless the decision is acceptable to all parties concerned.
The dispute at issue between the parties is governed by this clause. This clause is governed by c. 251, §1, thus it is valid, enforceable, and irrevocable.[1] While the City argues that the deletion of clause 7.9 evidences an intent by the City to eliminate arbitration as a forum to resolve disputes, it is immaterial whether or not the City intended to submit to arbitration. Walker v. V&V Construction Co. Inc., 28 Mass.App. Ct. 908, 909 (1989). Clause 2.2.12 permits either party to demand arbitration, thus plaintiff was within its rights when it did so.
*300 Moreover, defendant’s assertion that the clause is at best a procedural one and should not be construed as creating a right to demand arbitration, does not support its argument. If the clause is ambiguous as to whether it is procedural or substantive, then it should be construed against the drafter, in this case, the City. New Bedford Gas & Edison Light Co. v. Maritime Terminal Inc., 380 Mass. 734, 735 (1980); Sentry, Inc. v. Firnstein, 14 Mass.App. Ct. 706, 707 (1982).
Finally, Massachusetts courts “have consistently held that G.L. c. 251 express(es) a strong policy favoring arbitration as an expeditious alternative to litigation for settling commercial disputes.” Danvers v. Wexler Construction Co., Inc., 12 Mass. App. Ct. 160, 163 (1981). Therefore, the arbitration clause, which is governed by c. 251, must, “barring compelling reasons to the contrary, be remitted to the arbitral forum for consideration.” Id. See also, Quirk v. Data Terminal Systems Inc., 379 Mass. 762, 767 (1980).
Since both parties agree that clause 7.9 has been deleted and is no longer controlling, the parties are not required to submit their dispute to the AAA. However, since clause 2.2.12 is controlling but does not specifically designate an arbitrator or an arbitration association, this Court will appoint an arbitrator pursuant to its power under c. 251, §3.
ORDER
Based on the foregoing, plaintiffs complaint and motion to compel arbitration, are ALLOWED. It is further ORDERED that retired Justice Lawrence E. Feloney of Cambridge is appointed arbitrator. Finally, since the complaint was solely to compel arbitration, final judgment shall be entered in plaintiffs favor.

 Neither party claimed that the procedures outlined in clause 2.2.12 were not followed, thus this Court assumes without deciding that those procedures were followed.