Fremont-Smith, J.
This matter is before the Court on the motion of the third-party defendant, Edward G. Sawyer Co., Inc. (“Sawyer”), for summary judgment on the third-party complaints of John Hancock Mutual Life Insurance Co. (“Hancock”) and Walsh Brothers, Inc. (“Walsh”). For the reasons stated herein, the *117 third-party defendant's Motion for Summary Judgment is hereby GRANTED.
FACTS
In the underlying action, the plaintiff, Stephen Franklin, (“Franklin”) sued to recover for injuries he incurred while performing electrical work on March 24, 1994 at the John Hancock Berkeley Street Building. At the time of the incident, Franklin was an employee of the Edward G. Sawyer, Co. (“Sawyer”), and Sawyer was the electrical subcontractor of the general contractor, Walsh Brothers (“Walsh”). Subsequent to his injury, Franklin received worker’s compensation benefits from Sawyer and he settled all claims against the remaining defendants. However, defendants John Hancock (“Hancock”) and Walsh Brothers (“Walsh”) filed a third-party suit against Sawyer, claiming a right to contractual indemnity from Sawyer for any and all payments made in connection with Franklin’s alleged injuries. Sawyer now moves for summary judgment on the grounds that, on the undisputed facts here, no contractual indemnity exists between the parties.
The relationship between the parties developed as follows: After Hancock hired Walsh as the general contractor for the UPS/Generator Project (“Project”), and Walsh hired Sawyer as an electrical subcontractor, Sawyer received a letter dated December 28, 1993 in which Walsh notified Sawyer of his acceptance of Sawyer’s bid for the electrical work on the project and indicated that a contract would be forwarded for Sawyer’s signature. In January 1994, Sawyer commenced work on the project.
However, Sawyer never received a contract from Walsh, and thus never signed a contract with Walsh for the project. The subject of indemnification was not discussed. The unsent, unsigned contract which Walsh had intended to utilize was a Standard Form of Agreement between Contractor and Subcontractor, which contained an indemnification clause requiring the subcontractor to indemnify the general contractor for the damages or injuries caused in whole or in part by the subcontractor and for which the general contractor is held liable.
DISCUSSION
This Court grants summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassess v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not bear the burden of proof at trial must demonstrate the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the nonmoving party is unlikely to submit proof of that element at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 719 (1991). “The nonmoving party cannot defeat the motion for summary judgment by resting on its pleadings and mere assertions of disputed facts . . .” LaLonde v. Eisner, 405 Mass. 207, 209 (1989).
Sawyer asserts that there is no dispute as to the material facts and moves this Court to find, as a matter of law, that there is no contractual indemnification existing between Sawyer and the third-party plaintiffs, Hancock and Walsh. Hancock and Walsh oppose Sawyer’s motion, claiming that the existence of contractual indemnification between the parties is an issue of fact to be decided at the trial of this action. To resolve this issue, the Court must apply the law of contractual indemnity in light of all the evidence, which is to be considered favorably to the plaintiffs.
It is well settled that “any right of a third party or [Hancock or Walsh] to recover indemnity from an employer [Sawyer] who has paid workmen’s compensation benefits to an injured employee, must stem, if at all, from an express or implied contract of indemnify or from an obligation implied from the relationship of the parties.” Decker v. Black & Decker Manufacturing, Co., 389 Mass. 35, 37 (1983), citing Liberty Mut. Ins. Co. v. Westerlind, 374 Mass. 524, 526-27 (1978). “Under Massachusetts law, a contract-based right to indemnification exists only if there is a binding contract between indemnitor and indemnitee in which such right is expressed or from which it can be fairly implied.” Kelly v. Dimeo, Inc.; Waterproofing Co., 31 Mass.App.Ct. 626, 628 (1991), citing H.P. Hood & Sons, Inc. v. Ford Motor Co., 370 Mass. 69, 77 (1976). Where no such express or implied contract or obligation is found, the workers’ compensation act, G.L.c. 152, §24, bars recovery by the third-party tortfeasor. Larkin v. Ralph O. Porter, Inc., 405 Mass. 179, 181 (1989).
When Walsh accepted Sawyer’s bid to perform electrical work as a subcontractor by letter, dated December 28, 1993, Walsh informed Sawyer that a contract would be forwarded to Sawyer for signature within the next week. However, no contract was forwarded by Walsh, nor seen or signed by Sawyer.
Hancock and Walsh (“plaintiffs”) now submit, as evidence of an express indemnity between plaintiffs and Sawyer, the unsigned AIA Document A401, Standard Form or Agreement between Contractor and General Contractor, which contains an indemnity provision in §4.6. (Defendant’s Brief, Exhibit 2.) The plaintiffs additionally submit, as evidence that a contract was formed between the parties, documents showing that Sawyer commenced work on the UPS/Generator Project. (Plaintiffs’ Brief, Exhibit 6.)
*118 However, despite the fact that Sawyer performed work for Walsh as an electrical subcontractor, the plaintiffs failed to submit any evidence, by affidavit or otherwise, tending to rebut Sawyer’s sworn denial that it had express knowledge, oral or written, of the indemnity provisions contained in the Standard Form Agreements; much less that Sawyer accepted, orally or in writing, the indemnity provisions in the Standard Form Agreement. By failing to offer any proof that the parties mutually agreed to the indemnification provisions, or that any oral agreement relating thereto was later memorialized in writing, the plaintiffs have failed to offer any evidence that an express contract to indemnify was entered into between the parties. Decker v. Black & Decker, 389 Mass. 35, 38 (1983).
Lacking any express language of indemnity in any documents which were sent to and accepted by defendant, the plaintiffs attempt to rely on an indemnity implied by the circumstances. See Mary Croall v. Massachusetts Bay Transportation Authority, 26 Mass.App.Ct. 957, 958 (1988) (rescript); and Fall River Housing Auth. v. H.V. Collins Co., 414 Mass. 10, 14 (1992). As in Fall River Housing Auth., “lacking an express indemnity provision applicable to the facts of this case, [the plaintiffs now] ask this court to find an implied right of contractual indemnity.” An implied right to contractual indemnity is recognized, however, only when there are “special factors” surrounding the contractual relationship which indicate an intention by one party to indemnify another in a particular situation. Fall River, supra at 14, citing Decker v. Black & Decker, 389 Mass. 35, 38 (1983), and Aroujo v. Woods Hole, Martha’s Vineyard, Nantucket S.S., 693 F.2d 1, 2-3 (1st Cir. 1982). Something in the contract, or something special in the relationship between the parties, must be present in order to imply an obligation to indemnify against liability for personal injury. Fall River, supra at 15.
As evidence of Sawyer’s implied contractual intent to indemnify the plaintiffs, the plaintiffs point out that Sawyer accepted the $1,613,000 job, and appears to have acted in conformity with the terms and conditions of the Standard Form Agreement in performing the work and in accepting payment. Plaintiffs cite Sanicorp. South American Minerals v. Merchandise Corp. v. Lewis, 337 Mass. 298 (1958), where the Court held that the party’s conduct in performing the work indicated assent to a written contract which it had never signed. In Sanicorp., however, defendants did not dispute having received the contract and having acted in accordance with its terms, unlike here, where there is no evidence to rebut Sawyer’s denial that it ever received the standard contract or was aware of its • indemnification terms. Nor is there any indication here that the terms of the contract had been “spelled out in meticulous detail,” so that “acceptance could be manifested by conduct or words,” as was the case in Hunt v. Rice, 25 Mass.App.Ct. 622, 627-28 (1988), or that there had been an oral agreement with respect to the standard contract’s essential terms, of which the indemnification clause was one. See Novel Iron Works, Inc. v. Wexler Construction Co., 26 Mass.App.Ct. 401, 408 (1988) (essential terms of the contract were all included in a written agreement which was exchanged, but not signed).
Plaintiffs additionally point to Sawyer’s liability insurance contract with Monticello Insurance Co., wherein Sawyer had required the insurance carrier to name Hancock and Walsh as additional insureds, and contend that Sawyer’s act of having the plaintiffs named as additional insureds on its insurance policy raises an issue of fact regarding whether or not an implied contractual indemnity exists between the parties, citing Trans America Insurance Group v. Turner Const. Co., 33 Mass.App.Ct. 446 (1992) (holding, in part, that the liability insurance company of the subcontractor, which had named the general contractor as an additional insured on the subcontractor’s policy, was liable to reimburse the general contractor for a settlement payment the general contractor had made to the subcontractor’s employee). Id. In arguing that Sawyer’s insurance carrier’s having named the plaintiffs as additional insureds, created an inference that Sawyer intended to indemnify them individually, however, plaintiffs ignore the fact that the underlying subcontract in Trans America contained an express agreement for the subcontractor to indemnify the general contractor. Id. at 450. Absent an express agreement by Sawyer to indemnify the plaintiffs, Sawyer’s insurance carrier’s naming plaintiffs as additional insureds, raised no logical inference that an indemnity agreement between the parties was intended. Croall v. MBTA, 26 Mass.App.Ct. 957, 958 (1988) (rescript).
Nor have the plaintiffs submitted any evidence that a special relationship existed between the parties which might imply Sawyer’s intent to indemnify the plaintiffs. See, Fall River Housing Auth. v. H.V. Collins Co., 414 Mass. 10, 14 (1992), and Aroujo, supra. In fact, the relationship between the parties in the instant action is less intertwined than that between the parties in New Bedford Gas and Edison Light v. Maritime Terminal, 380 Mass. 734 736 (1980), where no special relationship was found such as would warrant the implication of an obligation to indemnify.
In short, the summary judgment record indicates it is unlikely that plaintiffs can adduce evidence at trial to raise a material issue of fact as to the existence of an express or implied contract to indemnify. Decker v. Black & Decker, 389 Mass. 35, 38-39 (1983).[1]
ORDER
For the reasons stated above, Sawyer’s Motion for Summary Judgment is ALLOWED and final judgment shall issue dismissing the third-party complaint.

 Although it is not necessary to decide, plaintiffs’ action may also be barred because “indemnity is permitted only when the would-be indemnitee does not join in the negligent *119 act,” Decker, supra, at 40. The Court notes that the third-party plaintiffs were originally sued by Franklin, but settled with him. There is certainly nothing in the record to indicate a likelihood that the third-party plaintiffs could establish, at trial, that they were themselves without fault in regard to Franklin’s injury.