## JOHN A. LEWIS *vs*. ARIENS COMPANY.

Norfolk. March 12, 2001. - July 19, 2001.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, SOSMAN, & CORDY, JJ.

*Warranty. Consumer Protection Act,* Damages. *Snow Blower. Sale,* Warranty.

This court adopted the principles set forth in the Restatement (Third) of Torts: Products Liability § 10 (1998), imposing a rule of reasonableness on a seller's continuing duty to warn: where a seller knows or reasonably should have known of product dangers discovered postsale, a duty to warn users of substantial risks of harm arises if a reasonable person in the seller's position would provide a warning and if those to whom a warning might be provided can be identified and the warning effectively communicated to them. [646-649]

The manufacturer of a snow blower made in 1966 did not have a continuing duty to warn a remote purchaser, a person who had bought the machine second-hand in 1982, about the dangers of the machine revealed in studies published shortly after 1966. [649-650]

CIVIL ACTION commenced in the Superior Court Department on March 20, 1990.

Claims pursuant to G. L. c. 93A were heard by *Thomas E. Connolly*, J., and a motion to vacate and amend the judgment was also heard by him.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Deirdre Harris Robbins* for the plaintiff.

*Charles P. Reidy, III*, for the defendant, was present but did not argue.

*Hugh F. Young, Jr.*, of Virginia, *David R. Geiger, & Hal Poret*, for The Product Liability Advisory Council, Inc., amicus curiae, submitted a brief.

CORDY, J. In 1988, John A. Lewis severely injured his right hand when it came in contact with the impeller blades of a snow blower manufactured and originally sold in 1966 by Ariens Company. Lewis purchased it used, from the sister of a

friend, sixteen years later, in 1982. As a result of the accident, Lewis brought this product liability action claiming negligence, breach of warranty of merchantability, and unfair or deceptive trade practices in violation of G. L. c. 93A.

The primary issue on appeal is whether a remote purchaser may recover damages from a manufacturer under G. L. c. 93A for breach of its implied warranty of merchantability on the theory that the manufacturer had a continuing duty to warn him of product defects or dangers discovered after the snow blower entered the stream of commerce. We conclude that on the facts of this case there was no such duty and that Ariens is therefore not liable under G. L. c. 93A. We take this occasion to adopt the principles set forth in the Restatement (Third) of Torts: Products Liability § 10 (1998), regarding a manufacturer's continuing duty to warn users of substantial product risks or dangers discovered postsale.[1]

1. *Facts and procedural history.* On January 26, 1988, while Lewis was clearing snow from his driveway, he walked to the front right side of the snow blower to disengage the clutch mechanism. As he did so, he slipped causing his hand to enter the snow blower's discharge chute and come in contact with the impeller blades. Lewis lost four fingers of his right hand.

In March, 1990, Lewis and his wife brought a three-count complaint seeking damages for negligence (defective design, inadequate warnings, and other claims); breach of warranties (but only tried as to breach of implied warranty of merchantability); and loss of consortium. He later amended his complaint to add a claim of unfair or deceptive trade practice under G. L. c. 93A. Before trial, the judge reserved the G. L. c. 93A claim for himself. A jury found Ariens had been negligent in its design of the snow blower but that Lewis had been fifty-two per cent negligent in his operation of the snow blower, thereby barring him recovery on that count. The jury also found that, when originally sold by Ariens in 1966, the snow blower was not reasonably safe for its intended or reasonably foreseeable use (in breach of its implied warranty of merchantability) and

---

[1]We acknowledge receipt of a brief filed by The Product Liability Advisory Council, Inc., as amici curiae.

awarded Lewis $205,000.[2] The jury rejected the loss of consortium claim.

The trial judge dismissed the G. L. c. 93A claim ruling that the breach of implied warranty of merchantability occurred in 1966, at the time of sale, and two years before the enactment of the relevant sections of G. L. c. 93A.[3] Lewis appealed from this ruling. From 1993 until 1997, the appeal lay dormant with the exception of a few motions regarding the record on appeal and a status review notice from the Superior Court.

In October, 1998, more than five years after the appeal had been filed, Lewis moved to amend the judge's decision on the G. L. c. 93A claim.[4] The judge vacated his prior judgment and, relying on our holding in *Vassallo* v. *Baxter Healthcare Corp.*, 428 Mass. 1, 23 (1998), that a manufacturer retains a continuing duty to warn of risks discovered following a product's sale, concluded that Ariens had breached its implied warranty of merchantability by failing to warn Lewis about the dangers of its machines revealed in studies published shortly after the sale, and after the enactment of G. L. c. 93A.[5] The judge concluded that Ariens was therefore liable under G. L. c. 93A, and awarded Lewis $205,000 in damages, doubled the award to $410,000 and awarded attorney's fees and costs.[6,7]

---

[2]The record indicates that Ariens paid the amount of the judgment plus interest and filed a stipulation of dismissal as to all counts other than the c. 93A count. The jury's findings are not a subject of this appeal.

[3]The effective date of G. L. c. 93A, § 2, inserted by St. 1967, c. 813, § 1 (approved December 26, 1967), is March 26, 1968; and the effective date of G. L. c. 93A, § 9, inserted by St. 1969, c. 960 (approved August 13, 1969), is November 13, 1969.

[4]As noted by the Appeals Court, this motion "had no basis in a known rule of civil procedure." *Lewis* v. *Ariens Co.*, 49 Mass. App. Ct. 301, 304 n.7 (2000). The court, however, addressed the merits of the case because the defendant had not challenged the motion on that ground. *Id.*

[5]In his amended ruling, the judge refers to these studies (published in 1971 and 1975) as identifying *both* the dangers of the snow blower and the availability of safer designs. He did not find a continuing duty to advise users of safer designs, and we did not recognize such a duty in *Vassallo* v. *Baxter Healthcare Corp.*, 428 Mass. 1 (1998).

[6]In the alternative, the judge also ruled that the breach of implied warranty of merchantability found by the jury occurred at the time of the injury (1988), not at the time of the sale (1966). See notes 9 and 19, *infra*.

[7]The judge determined *Vassallo* v. *Baxter Healthcare Corp.*, *supra*, was ap-

Ariens appealed from the judge's amended G. L. c. 93A judgment. The Appeals Court reversed, holding that the continuing duty to warn announced in *Vassallo* v. *Baxter Healthcare Corp.*, *supra*, did not extend to owners "of a product who purchased it second-hand, third-hand, or fourth-hand." *Lewis* v. *Ariens Co.*, *supra* at 306.[8],[9] We granted Lewis's application for further appellate review.

2. *Continuing duty to warn.* Ariens contends that the trial judge's G. L. c. 93A ruling was premised on an erroneous interpretation of Massachusetts product liability law, and that it did not owe a continuing duty to warn Lewis because he was a remote purchaser.[10]

In *Vassallo* v. *Baxter Healthcare Corp.*, *supra* at 22-23, we abandoned the strict liability approach to implied warranties of merchantability in favor of a "state of the art" standard similar to that articulated in the Restatement (Third) of Torts: Products Liability § 2(c) (1998).[11] Specifically, we revised our law to state that "a defendant will not be held liable under an implied warranty of merchantability for failure to warn or provide instructions about risks that were not reasonably foreseeable at the time of sale or could not have been discovered by way of

plicable to this case, because he had vacated the 1993 judgment, thereby making it a case "where final judgment had not been entered" at the time the *Vassallo* case was decided, citing *McCarthy* v. *Litton Indus., Inc.*, 410 Mass. 15, 25-26 (1991); *Payton* v. *Abbott Labs*, 386 Mass. 540, 568-570 (1982).

[8]The Appeals Court, however, opined that there might be cases where the danger of a product is "so urgent and would affect potentially such a large number of people that the manufacturer would have a duty to warn secondary buyers by recourse to the internet" and electronic and print media. *Lewis* v. *Ariens Co.*, *supra* at 306 n.10.

[9]The Appeals Court also concluded that the breach by Ariens of its implied warranty of merchantability occurred at the time of original sale, not on the date of injury, and that Ariens was not liable under G. L. c. 93A, because that statute cannot be retroactively applied to acts committed prior to its effective date. *Id.* at 307.

[10]The plaintiff argues unconvincingly that the defendant waived this argument by not raising it during the trial stage of the case.

[11]This section provides that a product is defective "because of inadequate instructions or warnings when the foreseeable risks of harm posed by the product could have been reduced or avoided by the provision of reasonable instructions or warnings by the seller or other distributor . . . and the omission of the instructions or warnings renders the product not reasonably safe."

reasonable testing prior to marketing the product." *Id.* at 23.[12]
We also said that a manufacturer will be subject to the standard
"of an expert in the appropriate field, and will remain subject to
a continuing duty to warn (at least purchasers) of risks
discovered following the sale of the product." *Id.* Because the
facts in *Vassallo* v. *Baxter Healthcare Corp.*, *supra*, did not
require further explication of the nature and requirements of
this continuing duty, and to whom it might be owed, we did not
address those questions.[13]

Lewis urges us to adopt a rule similar to the one described in
the Restatement (Third) of Torts: Products Liability § 10 (1998),
set forth in full in the margin,[14] which imposes a rule of reason-
ableness on a seller's postsale duty to warn users of dangerous
products. In essence, where a seller knows or reasonably should

---

[12]In doing so, we implicitly recognized that negligent failure to warn and
failure to warn under breach of warranty are to be judged by the same
standard: the reasonableness of the defendant's actions in the circumstances.
We have since expressly recognized that convergence. *Hoffman* v. *Houghton
Chemical Corp.*, *ante* 624, 637 (2001).

[13]Before *Vassallo* v. *Baxter Healthcare Corp.*, *supra*, this court had held
that when a manufacturer learns or should have learned postsale of a risk cre-
ated by its negligence, it has "a duty to take reasonable steps . . . to warn at
least the purchaser of the risk," *Hayes* v. *Ariens Co.*, 391 Mass. 407, 411
(1984), quoting *doCanto* v. *Ametek, Inc.*, 367 Mass. 776, 785 (1975), and sug-
gested that there may be a duty, as well, to give reasonable warning of a
properly designed product's dangers that are discovered after sale. *Hayes* v.
*Ariens Co.*, *supra* at 411.

[14]Section 10 of the Restatement (Third) of Torts: Products Liability (1998)
states:

> "(a) One engaged in the business of selling or otherwise distributing
> products is subject to liability for harm to persons or property caused
> by the seller's failure to provide a warning after the time of sale or
> distribution of a product if a reasonable person in the seller's position
> would provide such a warning.

> "(b) A reasonable person in the seller's position would provide a
> warning after the time of sale if:

> "(1) the seller knows or reasonably should know that the product
> poses a substantial risk of harm to persons or property; and

> "(2) those to whom a warning might be provided can be identified
> and can reasonably be assumed to be unaware of the risk of harm; and

have known of product dangers discovered postsale, the Restatement recognizes a duty to warn users of substantial risks of harm[15] if a reasonable person in the seller's position would provide a warning and if "those to whom a warning might be provided can be identified," and the warning "effectively communicated" to them, *id.* at § 10(b)(2), (3). The black letter Restatement does not state that this duty to warn extends to direct purchasers only.[16] Comment e to § 10, however, states that a seller's inability to identify those for whom warnings would be useful "may properly prevent a post-sale duty to warn from arising." Additionally, comment a to § 10 notes that "[t]he costs of identifying and communicating with product users years after sale are often daunting," and "[i]n light of the serious potential for overburdening sellers in this regard, the court should carefully examine the circumstances for and against imposing a duty to provide a post-sale warning in a particular case."[17]

We find that the principles set forth in § 10 represent a logical and balanced embodiment of the continuing duty rule we recognized in *Vassallo* v. *Baxter Healthcare Corp.*, *supra*, and a

---

"(3) a warning can be effectively communicated to and acted on by those to whom a warning might be provided; and

"(4) the risk of harm is sufficiently great to justify the burden of providing a warning."

[15]This is a duty to warn of substantial risks of harm posed by the product, not a duty to advise users of product safety improvements. See note 5, *supra.*

[16]"To justify the potentially high cost of providing a post-sale warning, those to whom such warnings are provided must be in a position to reduce or prevent product-caused harm. *Such recipients of warnings need not be original purchasers of the product,* so long as they are able to reduce risk effectively" (emphasis added). Restatement (Third) of Torts: Products Liability, *supra* at § 10 comment h, at 195.

[17]The present case well illustrates the problem with a general rule requiring warnings to remote purchasers. As noted by the Appeals Court: "Post-sale studies in 1971 and 1975 described accidents that had occurred with snow blowers and made recommendations for warnings and protective measures. Warnings contemporaneous with those studies would not have benefited Lewis, who did not buy his second-hand Ariens snow blower until 1982. Were warnings to be broadcast at periodic intervals, and through what medium?" *Lewis* v. *Ariens Co.*, 49 Mass. App. Ct. 301, 306 (2000).

natural extension of our ruling in that case.[18] We nevertheless concur with the Appeals Court that in this case Ariens owed no continuing duty to Lewis, who purchased the product at least second hand, sixteen years after it was originally sold, and did not own the product until years after a duty to provide additional warnings arguably arose. In these circumstances, he is a "member of a universe too diffuse and too large for manufacturers or sellers of original equipment to identify." *Lewis* v. *Ariens Co.*, 49 Mass. App. Ct. 301, 306 (2000). It would be unreasonable to require a manufacturer to provide warnings to an individual in Lewis's circumstances. Therefore, Ariens did not breach its implied warranty of merchantability by failing to warn him in 1982 or 1988 of product dangers discovered in the

---

[18]In determining whether a postsale duty to warn exists, many jurisdictions use a reasonableness standard. The Supreme Court of Iowa adopted the principles articulated in § 10 of the Restatement to be used in determining whether a postsale duty to warn exists. *Lovick* v. *Wil-Rich*, 588 N.W.2d 688, 695-696 (Iowa 1999). Other jurisdictions relying on the Restatement have used similar factors, but have not expressly adopted the principles of § 10. See, e.g., *Patton* v. *Hutchinson Wil-Rich Mfg. Co.*, 253 Kan. 741, 762 (1993) (liability depends on reasonableness test looking at nature of harm, likelihood that harm will occur, number of persons affected, economic burden of identifying and contacting product users, nature of industry, type of product involved, number of units involved and steps taken to correct problem); *Liriano* v. *Hobart Co.*, 92 N.Y.2d 232, 240 n.3 (1998) (manufacturer's postsale duty to warn depends on number of factors including degree of danger product involves, number of reported incidents, burden of providing warning, and the burden or ability to track product after sale); *Cover* v. *Cohen*, 61 N.Y.2d 261, 276-277 (1984) (nature of warning and to whom it should be given depends on harm that may result from use of product without notice, reliability and any possible adverse interest of person, burden on manufacturer in locating persons to whom notice is required, attention it will receive from recipient, kind of product involved, number of products sold, and steps taken to correct problem); *Crowston* v. *Goodyear Tire & Rubber Co.*, 521 N.W.2d 401, 409 (N.D. 1994) (reasonableness of postsale warnings depends on the facts of each case looking at the nature of the harm, likelihood of harm, how may persons are affected, the economic burden of identifying product users, nature of the industry, type of product involved, number of units involved, and steps taken to correct the problem). Other jurisdictions have declined to adopt a continuing duty to warn, see *Anderson* v. *Nissan Motor Co.*, 139 F.3d 599, 601-602 (8th Cir. 1998) (applying Nebraska law and finding that Nebraska would not impose a postsale duty to warn); and a few still embrace the strict liability standard that we abandoned in *Vassallo* v. *Baxter Healthcare Corp.*, *supra*, see *DeSantis* v. *Frick Co.*, 745 A.2d 624, 631-632 (Pa. Super. Ct. 1999).

early 1970's shortly after the product was sold to the original purchaser.

In light of our holding that a continuing duty to warn did not extend to Lewis in the circumstances of this case, the basis for the judge's finding of G. L. c. 93A liability fails.[19] The amended judgment in favor of Lewis must be reversed, and judgment is to enter for Ariens on count IV of the amended complaint.

*So ordered.*

---

[19]The judge's amended findings of fact suggest that he might have based his amended G. L. c. 93A decision on the alternative finding that the breach of implied warranty of merchantability (which the jury found occurred at the time of sale) did not accrue to Lewis until the time of his injury, long after G. L. c. 93A was enacted, and therefore the statute was not being retroactively applied. For the reasons set forth by the Appeals Court, however, the breach occurred at the time of the original sale, not at the time of injury, and could not form the basis of a claim under G. L. c. 93A, which was not enacted until almost two years later. *Lewis* v. *Ariens Co., supra* at 306-308.