Lu, John T., J.

INTRODUCTION

The plaintiff, Jeffrey J. Hanlan (Hanlan), allegedly suffered injuries after he was knocked off a ladder when the boom of a Mighty Midget crane unexpectedly dropped. Hanlan brings claims of negligence and breach of warranty against PA Radocy & Sons, Inc. (Radocy), the crane’s manufacturer, and Thomas H. Chandler, d/b/a Diversified Signs, Thomas H. Chandler, d/b/a Diversified Sign & Design, Gail E. Chandler d/b/a Diversified Signs, and Gail E. Chandler, d/b/a Diversified Sign & Design (collectively, Diversified). Radocy moves for summary judgment. Finding that Hanlan has no reasonable expectation of proving more than one essential element of his claims against Radocy, including that Radocy provided the critical part, that the part was defective, or that the defective part gave rise to a duty to warn, the court grants summary judgment in favor of Radocy.

BACKGROUND

The court declines to consider those facts and allegations contained in Radocy’s memorandum in support of its motion for summary judgment that Radocy did not include in its Rule 9A(b)(5) statement of undisputed facts, that are not supported by the record, or that have not been admitted by Hanlan. The undisputed facts and the disputed facts viewed in the light most favorable to the nonmoving party, Hanlan, are as follows. Parent v. Stone & Webster Eng’g Corp., 408 Mass 108, 113 (1990).
On February 27, 2001, Hanlan and James T. McG-rail (McGrail) were removing a retail sign. They were using a Mighty Midget crane with a 35-foot boom owned by Diversified. Radocy manufactured the crane in 1971. McGrail operated the crane and Hanlan stood on a ladder under the sign. The crane’s boom dropped suddenly and knocked Hanlan to the ground. He was seriously hurt.
After the accident, Diversified replaced a part of the boom’s hydraulic system, a rod and cylinder, and set the damaged rod and cylinder aside. The part was discarded during spring cleaning. No one looked at the rod and cylinder to determine the cause of the accident before it was discarded.
Radocy, the crane’s manufacturer, did not manufacture rod and cylinder parts for Mighty Midget cranes in 1971. It obtained these parts fully-assembled from three manufacturers and installed them in the Mighty Midget crane. Radocy’s president and owner, Thomas Bradley (Bradley), only recalled the name of one of the three manufacturers: Green Manufacturing. Green Manufacturing closed after the crane was first sold. Radocy no longer uses rod and cylinder systems in its cranes’ booms, but other companies continue to market this type of system.
Radocy has been unable to locate a copy of the 1971 maintenance manual sold with the Mighty Midget crane. The early purchasing history of the crane is also unknown. Gail Chandler purchased the crane for Diversified from Paul Lussier (Lussier) in 1999. Luss-ier in turn had purchased the crane from someone named “Frenchy” in about 1994. Frenchy has since died. Lussier never received a maintenance manual or any other documents relating to the crane from Fren-chy. It is unknown whether Frenchy or someone else purchased the crane from Radocy.
Lussier asserts that the only maintenance he did on the Mighty Midget crane was to paint it. None of the parties allege that painting the crane had any effect on the crane rod and cylinder. Diversified performed *49 maintenance on the crane, but there is no information available about when Diversified last worked on it or inspected it.

DISCUSSION

I.Standard of Review
Summary judgment is granted where there are no genuine issues of material fact and where one party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party may show that it is entitled to summary judgment either by submitting affirmative evidence negating an essential element of the opposing party’s case. Flesner v. Technical Commc’ns Corp., 410 Mass. 805, 809 (1991), or by demonstrating “that the party opposing the motion has no reasonable expectation of proving an essential element of [its] case.” Carey v. New England Organ Bank, 446 Mass. 270, 278 (2006) (quotation marks omitted).
II.Hanlan’s Claims
Hanlan alleges that Radocy negligently designed and manufactured the crane, and breached express and implied warranties of safely, fitness, and merchantability by failing to take adequate steps to warn of the danger of a crane rod and cylinder failure.
To succeed on the negligence claims, Hanlan must show that Radocy owed him a duty of care, that Radocy was negligent in design or manufacture of the Mighty Midget crane involved in the accident, that Radocy’s negligence was the cause of Hanlan’s injuiy, and that Hanlan suffered damages. See Carter v. Yardley & Co., 319 Mass. 92, 103 (1946). It is impossible to know whether there was a defect in the crane rod and cylinder at the time it left Radocy’s warehouse without looking at the crane rod and cylinder. It is also impossible to know whether the crane rod and cylinder involved in the accident were original to the Mighty Midget crane. That Diversified quickly replaced the crane’s rod and cylinder after the accident demonstrates that the pieces are removable and replaceable. Hanlan has no reasonable expectation of proving that Radocy was negligent in the design or manufacture of the crane rod and cylinder. He therefore has no reasonable expectation of proving that any negligence by Radocy caused his injuiy.
Hanlan bases his claim that Radocy breached the warranty of merchantability on the allegation that Radocy failed to adequately warn users of the Mighty Midget crane of the danger of failure of the crane rod and cylinder. A duty to warn could have arisen in two ways. If Radocy knew or could have known through reasonable testing at the time of sale that the crane’s rod and cylinder were dangerous, it would have been obligated to warn purchasers. See Vassallo v. Baxter Healthcare Corp., 428 Mass. 1, 23 (1998) (revising the law of the implied warranty of merchantability to conform with majority of jurisdictions in decision affirming finding of breast implant manufacturer’s liability). Without the failed crane rod and cylinder, Hanlan has no reasonable expectation of showing that there was some defect when the Mighty Midget crane was originally sold.
A duty to warn can also arise if something happens after the original sale to alert the manufacturer to a danger. Lewis v. Ariens, 434 Mass. 643, 648 (2001) (duty to warn about snow blower arose after it entered the stream of commerce when scientific studies demonstrated its dangers). Bradley, Radocy’s president, testified that Radocy was involved in litigation following the collapse of a boom on one of its cranes. Radocy sent certified letters to the purchasers of record warning of the danger of a boom collapse.
There is no duty to warn subsequent purchasers of a product if the manufacturer is unable to reasonably identify those purchasers. Lewis, 434 Mass. at 648. The Supreme Judicial Court has adopted Restatement (Third) of Torts: Products Liability, §10, comment e (1998). “It would be unreasonable to require a manufacturer to provide warnings to an individual in [these] circumstances.” Id. In this case, the crane accident occurred about thirty years after Radocy first sold the crane. The crane changed hands at least three times in those thirty years. Even if Hanlan could show that the other litigation against Radocy gave rise to a duty to warn purchasers about its cranes, that duty did not extend to remote purchasers, such as Diversified.

III.Diversified’s Argument

Diversified argues that summary judgment is not appropriate because there are genuine issues of material fact. Diversified points out that the identity of the manufacturer of the rod and cylinder is in dispute. They also argue that the issue of whether Radocy satisfied its obligation to warn users of the crane about the danger of boom failure is in dispute.
Diversified is correct that these issues are unresolved. However, the loss of the rod and cylinder means that the first issue probably cannot be resolved in this litigation. Absent additional information about the crane rod and cylinder, Hanlan has no reasonable expectation of proving that Radocy was negligent. As for the issue of the post-sale duty to warn, whether Radocy acted reasonably as to purchasers that it could have identified is irrelevant. Radocy had no duty to warn purchasers that it could not reasonably identify and locate, including Diversified. See Lewis, 434 Mass. at 648.

ORDER

The defendant PA Radocy & Sons, Inc.’s motion for summary judgment is ALLOWED.