Rup, Mary-Lou, J.
The plaintiff Harleysville Worcester Insurance Co. (“Harleysville”) brought this action as a subrogee, seeking compensation for a case it settled on behalf of its insured, Granite & Marble Depot, Inc. (“GMD”) with Pang Hung Min (“Min”) who was injured on GMD’s premises. The defendants, Douglas Duval (“Duval”) and Jeyrani Selvanaayagan, d/b/a/ Selva Stone (“Selva”), allegedly provided GMD with defective A-frames, causing injury to Min and unwarranted liability to accrue to GMD and Harleys-ville.
Duval now moves for summary judgment. For the following reasons his motion will be DENIED.
DISCUSSION
On March 3, 2003, two metal A-frames broke and collapsed, causing large, heavy granite slabs to fall onto Min at the GMD warehouse in Northboro, MA. Min was trapped beneath the granite slabs for approximately two and one-half hours. He survived the accident, but suffered permanent injuries in two fingers and lacks some sensation in those Angers.
Selva sold to GMD the two A-frames that collapsed, and about ten to twenty other A-frames. Duval, a welding professional, welded all the A-frames Selva sold to GMD. Selva typically provided Duval with a rough sketch of the A-frame to be constructed. After the accident, GMD purchased no frames from Selva.[2]
After the accident, GMD retained in a storeroom at its Northboro warehouse what remained of the collapsed A-frames. In 2006, GMD moved to a new location in Westboro and left behind or discarded the collapsed A-frames.[3] Earlier, in the days after the accident, Stephen Ceppi, a Harleysville accident investigator, inspected and took color photographs of the remains, which are available to the parties. John Arrigo, Duval’s insurance investigator, also photographed the remains. Some of the remaining Selva A-frames were re-welded and had gussets added to them; others were kept to serve as exemplars in this case.
The settlement between Harleysville and Min totaled $225,000, paid before Min took any legal action. Harleysville then initiated the current suit against Selva and Duval with counts of contribution, common-law indemnity, and violations of G.L.c. 93A, which allege negligent design, failure to warn, and defects in the product itself.
Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711, 716 (1991); Mass.R.Civ.P. 56(c). The moving party bears the initial burden of affirmatively demonstrating that there is no genuine issue of material fact. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). The moving party may satisfy this burden by showing that there is an absence of evidence to support the opposing party’s case or by submitting affidavits or other materials referenced in Mass.R.Civ.P. 56(c) which demonstrate that the opposing party has “no reasonable expectation of proving an essential element of that party’s case” at trial. Kourouvacilis, 410 Mass. at 711, 716 (1991). Parties who do not bear the burden of proof at trial may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of his case at trial. Fles-ner v. Technical Communications Corp., 410 Mass. 805, 809 (1991). Once the moving party has shown that there is no genuine issue of material fact, the burden shifts to the party opposing the motion to respond and allege specific facts that establish the existence of a genuine triable issue. Pederson, 404 Mass. at 17.
I. INDEMNIFICATION
Duval argues that summary judgment should enter on the indemnification claim because Harleysville is, essentially, standing in the place of an admitted joint tortfeasor, GMD. While it is true that common-law indemnity claims must fail when the plaintiff is also a negligent party, see Decker v. Black & Decker Mfg. Co.: Lenox Machine Co., 389 Mass. 35, 40 (1983), here, material factual disputes exist regarding whether GMD was or was not negligent. Furthermore, the plaintiffs indemnification claim is appropriately argued as an alternative to its contribution claim and Duval cannot use the plaintiffs assertion of one claim (contribution) as the basis for summary judgment on the alternative claim (indemnification).
*166 II. SPOLIATION
Contending that abandonment or disposal ojf the collapsed A-frames amounted to spoliation which has prejudiced the defendants’ ability to defend their case, Duval requests that this matter be dismissed or, alternatively that the court impose certain sanctions.[4] The question of spoliation, and appropriate remedies if any, should be determined at an evidentiary hearing. Cf Gath v. M/A-Com, Inc., 440 Mass. 482, 487 (2003) (at an evidentiary hearing, trial judge correctly found spoliation of evidence where properly owner destroyed a fence that had swung onto the street and struck the plaintiff). The issue requires a determination of the facts regarding abandonment or disposal of the A-frames. Dismissal or imposition of sanctions is inappropriate on the present record.
III. CHAPTER 93A CLAIM
The plaintiffs c. 93A claim alleges negligent design, failure to warn and product defect-breach of warranty.[5]
Citing Knapp Shoes, Inc. v. Sylvania Shoe Mfg. Corp., 418 Mass 737, 746-47 (1994), Duval argues that summary judgment should enter on the plaintiffs G.L.c. 93A, §11 claim because breach of implied warranty claims are not cognizable under the statute. In Knapp, the United States District Court had certified a question to the Supreme Judicial Court regarding whether a Massachusetts regulation prohibiting unfair and deceptive warranties applied to breach of warranty claims made in connection with actions brought under §11. In answering “no” the Supreme Judicial Court ruled that, unlike §11 which governs disputes between businesses, the warranty regulation at issue, promulgated before §11 was added to the statute, was intended to only apply to consumers. Knapp, 418 Mass. at 745. However, the Court also noted that the case concerned a matter of recovery on a breach of contract, “not a claim for damages based on physical injuries allegedly caused by a defective product.” Id. at 743 n.5. The Supreme Judicial Court further clarified its position stating:
we do not mean to suggest that the breach of an implied warranty, occurring in a commercial context, can never give rise to liability under . . . 93A. Rather, the question of liability under . . . 93A §11, when a breach of warranty is alleged to be an unfair or deceptive act, must be resolved by reference to general principles of liability under §11.
Id. at 746-47.
In the present case, in order to resolve the plaintiffs breach of warranty claims, the court must examine the general principles that govern 93A, § 11 liability. Chief among these principles is the notion that in order to prove unfair practices between businesses, for the purposes of § 11, a plaintiff must “show greater ‘rascality’ ” than is necessary for a consumer plaintiff alleging unfair and deceptive practices. Anthony’s Pier Four, Inc. v. HBC Assocs., 411 Mass. 451, 474-76 (1991). Other cases have also established that the plaintiff must demonstrate some “immoral, unethical, oppressive, or unscrupulous” behavior, PMB Assocs, Inc. v. Globe Newspaper Co., 366 Mass. 593, 595-98 (1975), and must also show a causal connection between the behavior and the damages sustained, Massachusetts Farm Bureau Fed’n, Inc. v. Blue Cross of Mass., Inc., 403 Mass. 722, 729 (1989).
The existence of material issues of fact in this case defeat Duval’s motion for summary judgment. See Pederson, 404 Mass. at 17. To prevail on a warranty claim, a plaintiff must show that the defect existed at the time of sale. Walsh v. Atamian Motors, Inc., 10 Mass.App.Ct. 828, 829 (1980). Actions based on the implied warranty of fitness for a particular purpose require the plaintiff to also demonstrate that the seller had reason to know of the product’s intended purpose. Axion Corp. v. G.D.C. Leasing Corp., 359 Mass. 474, 484 (1971). Sellers must warn buyers only of defects that were reasonably foreseeable at the time of sale; however “a manufacturer [is held] ... to the standard of an expert in the appropriate field.” Vassallo v. Baxter Healthcare Corp., 428 Mass. 1, 23 (1988).[6] Here, factual disputes exist regarding whether Duval was a manufacturer of the A-frames (as the plaintiff contends) or merely provided a service to Selva (as Duval contends), and if he breached any implied warranties because (1) his welding was substandard, (2) he knew for what particular purpose' the A-frames would be used, and (3) GMD was warned about the proper use of the A-frames.[7] Furthermore, if Duval breached implied warranties, questions of fact remain as to whether his breach was so egregious as to give rise to a 93A, §11 claim. See generally Wasserman v. Agnastopoulos, 22 Mass.App.Ct. 672, 679 (1986) (did it “attain a level of rascality that would raise an eyebrow of someone inured to the rough and tumble of the world of commerce”).
ORDER
For the reasons herein stated, it is hereby ORDERED that defendant’s motion for summary judgment be DENIED.

According to the plaintiff, the welding for the joints on these A-frames lacked contiguity, had gaps in the beading, and lacked full penetration into the joint.

Before the move, Harleysville had already settled with Min and it asserts that Harsh Walia (“Walia”), GMD’s principal, did not know that the A-frame remains still had eviden-tiary value.

Duval requests that the court: (1) exclude evidence from the plaintiffs expert witness; (2) bar any objection to a statement made by Miles ten days after the incident; and/or (3) dismiss if the plaintiff does not produce an alleged witness, Anuke.

Duval asserts that the plaintiff also claims that Duval’s failure to participate in the settlement agreement was unfair or deceptive and a violation of c. 93A. To the extent that the plaintiff is making such a claim (a matter that is not altogether *167 clear), on the facts of this case It appears that the claim would have no basis in law.

This duty to warn only extends to those who a reasonable person in the seller’s position would warn If they can be “Identified” and If the warning can be “reasonably communicated.” Lewis v. Ariens Co., 434 Mass. 643, 646-49 (2001).

Duval also argues that Harleysville’s claim must fall because this was a business exchange and 93A §9 applies only to transaction between a business and a consumer. However, It appears that Harleysville never raised a §9 claim in its pleadings.